

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
WILLXXXXXXXXX
ATTORNEY GENERAL

Honorable David Cole
County Auditor
Breckenridge, Texas

Dear Sir:

Opinion No. 0-2844
Re: Payment by lienholder of taxes on
    real property, without paying per-
    sonal property and poll taxes due
    by owner.

In your letter of October 22, 1940, you request our
opinion in response to the following questions:

"1. Is it mandatory that the Tax Assessor-
Coll. collect a redemption fee on each redemption
certificate issued or is the collection of the
fee optional with the Tax Assessor-Collector?

"2. Is the Tax Assessor-Collector author-
ized to accept the tax on real estate paid by
a Federal Land Bank which has a lien on the real
estate, without collecting the personal property
tax which is a part of the same assessment?

"3. Is the Tax Assessor-Collector author-
ized to accept the tax on real estate from an
individual other than the one assessed without
collecting personal property and poll taxes?

"4. Do the statutes permit a finance or
loan company to pay the tax on an individual's
real estate without paying the individual's per-
sonal property tax? If so, how can a Tax Assessor-
Collector collect the personal and polls?"

We enclose a copy of our opinion No. 0-1224, which
answers your first question.

It is now definitely established that the lien provid-
ed in Article 8, Section 15, of our Constitution, and Article
7172, Revised Civil Statutes, attaches only to each separate
tract or parcel of land for taxes assessed against it. Richey
v. Moor, 249 S. W. 172, Sup. Ct., Davis v. West, 5 S. W. (2d)
870; State v. Hunt, 207 S. W. 636; State Mortgage Corp. v.

Ludwig, 35 S. W. (2d) 267, (rev. on other grounds), 48 S.W. (2d) 950. In State v. Hunt, supra, by the Texarkana Court of Civil Appeals, it was held that the state does not have a lien on real property to secure the payment of either personal property or poll taxes due by the owner of the land.

Article 7345a, Vernon's Civil Statutes, enacted in 1933, expressly requires a taxing authority to transfer to "any person or company that pays to the State, county or any subdivision thereof mentioned hereinbefore, any taxes due upon real property at the request of the owner of said property, the tax lien held by such State, county, or subdivision to secure the payment of such taxes," etc.

Since a piece of land is impressed with a lien to secure the payment of taxes assessed against it alone, and since Article 7345a requires the taxing authority to transfer the lien to a person or company, which at the request of the owner pays the taxes due upon such land, it follows that under such circumstances payment of the taxes due on the land must be accepted although unaccompanied by payment of poll tax and personal property taxes. On the assumption that the payments tendered are upon request of the owner, your second and third questions and first part of your fourth question are answered in the affirmative.

The last part of your fourth question is a most general inquiry. We hardly feel like attempting to set out all the powers of collection which a tax collector might exercise. However, we will refer you to Articles 7266 to 7274, Revised Civil Statutes, which provide considerable powers for enforcing collection.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:LM:wc
Enclosure

APPROVED OCT 30, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman