MARCUS L. SMITH, APPELLANT, VS. CHAS. A. LONGE, TAX COLLECTOR OF DAYTONA, APPELLEE.

1. A levy of general municipal taxes upon real and personal property in 1882 was not authorized by law, the power to assess having been abrogated by chapter 3024, laws of 1877, and the sale of land for taxes attempted to be levied in that year was properly enjoined. A dissolution of the injunction was erroneous.

2. Such injunction will not operate to prevent the future collection of taxes, the levy of which was validated by chapter 3477, laws, approved March 5, 1883. The validity of that act was sustained in the case of city of Jacksonville vs. Basnett, decided at this term.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion.

*John W. Price*, for Appellant.

*Scott & Thrasher*, for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the Court.

Appellant filed his bill for an injunction to restrain the collector of taxes from selling the real property of com-

plainant for taxes alleged to have been illegally assessed. The Board of Aldermen of Daytona, on the 23d day of January, 1882, attempted to levy a tax of one per centum on the taxable property, and an assessment and tax roll was made out with warrant annexed and delivered to the collector in April, 1882, for the taxes of that year, as is alleged, and the collector advertised the property of complainant and others to be sold for such taxes. Such levy of taxes is alleged to have been illegal and void for several reasons stated. It is understood that the tax was a general and not a special tax, and that it was levied for general municipal purposes.

The defendant answers that the tax was in fact levied on the assessment made for the year 1881 to pay the expenses of the year 1881, and not of 1882 as the bill alleges, there having been a failure of the Assessor to complete an assessment in 1881. An injunction was allowed on filing the bill, but upon the answer the court made a decree dissolving the injunction and ordered the complainant " to pay such legal costs as may have or may hereafter accrue in this cause." The order was made September 19, 1880, and this appeal is from that order.

Under the act for the organization of municipal governments passed in 1869 the Aldermen were authorized to levy taxes upon real and personal property, and there was also authority to tax and license certain business and privileges. The twenty-third section of the act contained the authority to levy taxes on property, but by an amending act passed in 1877 (chapter 3024, section 8) the power to levy such taxes was abrogated, and so the law remained until 1883. See Basnett vs. City of Jacksonville, 19 Fla., 664.

The result is that at the time of the attempted levy of the tax in Daytona in 1882 that corporate body had no power to tax real and personal property for general muni-

cipal purposes, and the order granting the injunction was the proper remedy to prevent the sale of complainant's real estate and the creation of an apparent cloud upon the title. It also follows that the subsequent order dissolving the injuction and awarding costs against complainant was erroneous.

It is but just to say that the question of the repeal of the power of general taxation as it had existed under the twenty-third section of the act of 1869 was not discussed or considered when this case was before the Chancellor, but his action was apparently controlled by the allegations of the pleadings as to the time and manner of the assessment. These matters we find it unnecessary to consider, as the want of power to levy the tax in 1882 is decisive of this case, there having been no lawful right, of course, to advertise and sell plaintiff's property, which is the subject of this complaint.

In 1883, however, the Legislature passed an act, chapter 3477, approved March 5, restoring the power of general taxation contained in the original section 23 of the act of 1869, and prescribing the method of assessment, limiting the tax and restricting appropriations. The third section legalizes assessments made before the passage of the act by the city or town authorities in accordance with the rules prescribed in the preceding sections, and authorizes the future collection of taxes so assessed, without regard to the time of the assessment or to any municipal ordinance. This act was considered by this court in a case in which its vitality was questioned and it was sustained. We held that " if the assessment was such as the Legislature could have authorized at the time, it can validate it for future action by the city under the newly granted power." City of Jacksonville vs. Basnett *et al.*, *supra.*

If then the tax in question was such as might have been

assessed if the act of 1883 had been in force at the time it was assessed, the corporate authorities of Daytona may now enforce the collection.

The judgment of the court is that the decree vacating the injunction is reversed, but the injunction will not operate to prevent the collection of taxes heretofore levied in conformity with the provisions of the act approved March 5, 1883, chapter 3477. Appellant will recover costs incurred in this appeal.