# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1890.

26   1<br>37  351

THE TOWN OF KISSIMMEE CITY, APPELLANT, vs. A. E. DROUGHT, APPELLEE.

THE TOWN ,OF KISSIMMEE CITY, APPELLANT, vs. R. H. P. DROUGHT, APPELLEE.

THE TOWN OF KISSIMMEE CITY, APPELLANT, vs. B. J. O'QUINN, ADMINISTRATOR OF THE ESTATE OF W. A. PATRICK, APPELLEE.

Where real property should be assessed and valued for taxes in separate lots or parcels, an assessment and valuation in blocks or several parcels in gross, will not be set aside, if the owner by listing and valuing his property himself, in that manner, consents to such mode of assessment and valuation. He is estopped to complain that it is illegal.

Appeal from the Circuit Court for Osceola County.

The facts of the case are stated in the opinion of the Court.

*E. D. Beggs* for Appellant.

*Foster & Gunby* for Appellees.

MAXWELL, J.: By agreement between counsel in these three cases, in connection with the case of the Town of Kissimmee City vs. William Cannon, just decided, it is

understood that the decision in the latter case shall control in these. The complaint and the issues in all the cases are the same, and under the agreement the questions of law involved in that case must be ruled in the same way in these. But there is some difference in the state of facts as to the assessment of the property of the parties, which will make a material difference in the result. The point on which this difference arises, relates to the listing and valuation of property. In the Cannon case, his property was not listed by himself, but by the Assessor. In the other cases, each of the parties did list their property, and affix valuations thereto; and in this listing, compared with that of the Assessor, it appears that he adopted theirs just as given in by them, and that he valued the property in the same bodies or parcels that they did, though affixing valuations different from those affixed by them.

We find that in this state of facts, the doctrine is, that a party whose method of valuation is followed, should not be heard to complain against this. Blackwell says: "Town lots, though in the same block and contiguous and belonging to the same person, must be separately assessed, unless where the owner consents (as where he himself lists them as one tract)." State vs. Baker et al., 49 Tex., 763, is to the same effect. In that case it was held that the lien given by the Constitution of Texas, on property assessed for taxes, "is a charge merely upon each separate tract for the tax assessed against it;" and the State failed to recover a tax assessed on several lots in Galveston, because they were assessed in bulk as of a gross value, it not appearing whether the lots constituted the whole or a part of the block, "and had been listed by the owners as one tract or parcel of land." But the Court said: "We are not to be understood, however, by anything which we now or have

heretofore said, as either holding or intimating that either lots or blocks, in a town or city, or originally distinct and separate surveys or grants in the country, if listed and assessed by the owner, or with his knowledge and approbation, as a single tract or parcel of land, may not be subject to a lien for the aggregate tax thus assessed."

It would seem to be reasonable, that a party who has listed and valued in bulk his contiguous lots, should be estopped from complaining that the Assessor did the same. Suppose the Assessor adopts the list and also the valuation of the owner, surely he ought not to be permitted to complain afterwards, that the lots were not valued separately. The fact that he valued the property at different figures from those of the owner, cannot affect the consent that he should value it in bulk. The Assessor is not bound by the owner's valuation, and if the valuation of the former is excessive, redress is to be obtained in the manner provided by the statute.

Our conclusion is, that the assessment in each of these cases should stand, and that the several judgments be reversed.