JACOB S. PARKER, APPELLANT, VS. CITY OF JACK-SONVILLE, APPELLEE.

1. Where a bill of complaint is filed to enforce a general lien for an aggregate sum for municipal taxes upon several distinct city lots, and does not show whether the assessment upon said lots. was made upon a return of the same for taxation by the

owner who listed the several lots in question as one tract or parcel of land, or whether they were listed, valued and assessed by the city authorities, in the absence of such return, guided by the rule that upon demurrer all presumptions are against the pleader, the bill of complaint can not be construed as alleging a return or listing of the property for taxation by the owner.

2. Under our Constitution and the laws of this State (no reference being had to the force or effect of any city ordinance) a municipal corporation can not enforce a single general tax lien upon three different lots of land upon an aggregate valuation and assessment made by the city authorities, without a return or listing in the aggregate for taxation by the owner of the property.

3. The provisions of the statute (Chapter 3775 laws of Florida), establishing the municipality of Jacksonville, that "taxes and assessments on realty shall be and remain a lien on the prop-

erty assessed until the same shall be paid. Such lien may, after return of *nulla bona* on a distress warrant, be enforced as other liens," do not authorize the enforcement of a general lien for a gross sum upon three distinct lots of land upon an aggregate valuation and assessment of them made by the city authorities without a return of the three lots as one tract or parcel of land by the owner.

4. The allegations as to assessment of the property in a bill to enforce a tax lien upon real estate are, "that upon the parcels of land so owned by the defendant, the complainant for the year 1890 duly assessed and levied a tax for the sum of three dollars and thirty cents," and is a sufficient averment of the manner of making the assessment of the property. In such cases it is not necessary to aver the several statutory steps required to create a legal and valid assessment. The facts of such an assessment are sufficiently removed in their nature from mere conclusions of law to admit of their being averred without specifying what acts were done, or by what officer.

5. The taxes involved in this suit are for the year 1890. After they were levied and assessed the act of 1891 (Chapter 4039, laws of Florida) was enacted. Section 2 of this act provides "that the assessments and levies of taxes as made and entered upon the several assessment rolls of said city of Jacksonville for the years 1887, 1888, 1889 and 1890, severally, * * are hereby legalized and confirmed:" *Held*, That the act in question legalized and validated the assessment of such taxes which otherwise under the facts appearing in the pleadings in this case would have been irregular and invalid; also *held*, that it is not shown that said validating act violates any constitutional principle.

6. The object of the act establishing the municipality of Jacksonville (Chapter 3775 laws of Florida) in requiring a return *nulla bona* upon a distress warrant was that exhaustion of personal property might thereby be shown and proper ground be laid for proceeding to enforce the lien upon real estate. Where it clearly appears by the bill of complaint, alleging return of *nulla bona* upon a distress warrant, that no personal property can be found to pay the very tax sought to be enforced, although such distress warrant may also have included other taxes claimed upon other lots of the same owner, the letter as well as the purpose and spirit of the law has been complied with.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son*, for Appellant.

### STATEMENT.

Appellee filed its original bill against appellant December 24, 1891, claiming a lien for taxes, upon certain real estate alleged to be owned by the defendant, in the city, to the amount of $161.69; respondent demurred to the bill, and the demurrer was sustained, the court holding that the description of the real estate, upon which the taxes were sought to be assessed, as shown by the warrant attached to the bill, was too indefinite to support the levy. The city thereupon amended its bill, confining its claim in its allegations and prayer to a lien, which it sought to enforce, for so much of the original assessment, amounting to $3.30, as was assessed and levied upon lots one, two and three of block 34 of Parker's Subdivision of East Jacksonville; the amended bill made the exhibit to the original bill, exhibit "A," the distress warrant, containing a description of the real estate assessed, an exhibit to the amended bill.

The respondent demurred to the amended bill, and brings here for review the decree of the court overruling that demurrer.

### ARGUMENT.

The statute, under which this suit is brought, is found in Article XII, Ch. 3775, Sec. 4, Acts 1887, p. 179, and is as follows:

"Sec. 4. Collectors shall not make sales of realty for unpaid taxes or assessments. Taxes and assessments on realty shall be and remain a lien on the property assessed until the same shall be paid. Such lien may, after return of nulla bona on a distress warrant be enforced as other liens. All unpaid taxes and assessments may be collected by suits in court at law or in equity. The cost of all suits and proceedings for the collection of unpaid taxes and assessments, including a reasonable attorney's fee, shall be recovered and collected by such suits."

Municipal corporations have no authority to create liens, by ordinance or otherwise, when none has been expressly conferred upon them. The lien can not exist where the statutory steps, necessary to create it, have not been taken; and a simple allegation, in a proceeding to enforce a lien, that the taxes are due and unpaid, is not sufficient as matter of pleading to show a lien. Cooley on Tax., 2d ed., p. 448; Louisville vs. Bank of Kentucky, 3 Metcalf 148. "Nor can a recovery be had without proof of such proceedings as are essential to the making out of a legal tax and a default in payment." Cooley on Tax., p. 436, and cases cited. This accords with the established rule of chancery practice, "that, to authorize relief both the *allegata* and *probata* must be sufficient and correspond. However full and convincing the proof to any fact, unless the fact is averred, proof alone is insufficient." Perdue vs. Brooks, et al., 11 So. Rep. 282 (Ala.)

"In considering," says the same author (Cooley), p. 449, "this remedy by suit, it is to be kept in mind, that it exist only by force of the statute."

These principles, applied to the pleadings, in this

case, sustain each of the several grounds of respondent's demurrer.

The several statutory steps required to create, and required to enforce by suit, a legal tax are not averred in the bill to have been taken; nor is either of the required steps averred, therein, to have been taken. Butler vs. Nevins, 88 Ill. 575.

Conspicuously, and *ex industria*, there is absent from this bill, an allegation that, before the imposition of this alleged tax, regulations securing a just valuation of all property, both real and personal, had been prescribed, as required by the Constitution. In the absence of such regulations, no legal tax can be laid. It would not have been sufficient, as matter of pleading, to aver the legal conclusion that such regulations had been enacted, and were observed in the levy of the tax. These regulations, if such were enacted, must be submitted to the court, which must adjudge them as matter of law, under the Constitution, to be sufficient, to the making up of a legal tax, before that tax can be adjudged legal, or the lien *thereof* be enforced by suit.

But, in the case at bar, this court, and the court below as well, instructed by the public statutes of the State, knows that the large body of provisions enacted, by the Legislature of Florida, to secure the constitutional right of the tax-payer, guarding his property from taxation, except through regulations, providing a uniform and equal rate of taxation, and securing a just valuation of all property, prescribed as a basis of taxation, had been stricken down, by the Legislature of Florida May 31, 1889, (see sec. 11 Ch. 3953), in its application to the tax proceedings of the city of Jacksonville. The municipality of Jacksonville was

JANUARY TERM, 1896. 347

Jacob S. Parker v. City of Jacksonville.—Argument of Counsel.

thereby relieved of the obligations, theretofore put upon them by the Legislature, to proceed "under the laws by which such property is assessed for State and county purposes;" we refer to our brief in L. W. Spratt vs. The City of Jacksonville, in elaboration of this proposition.

Certainly, therefore, the State Legislature had prescribed no such regulations, as required by the Constitution, in the levy and assessment of the tax, sought to be enforced as creating a lien against the property of respondent. If it be contended that in the absence of such regulations, prescribed by the State Legislature, it is competent for the municipality, through its law making department to make such provisions, we reply the court does not take notice judicially of city ordinances; it can be informed of their existence and determine their effect, only by the record, upon pleadings setting up their existence. The bill in this case does not set up, even inferentially, much less issuably, such ordinances, either in haec verba, or otherwise. 1 Dill. Munic. Cor., Secs. 83 and 413.

We submit them as the bill, as matter of pleading, seeks to create a tax lien, without setting up the proceedings essential to the making out of a legal tax, it, if sustained, dispenses with the necessity of making proof of such proceedings.

But it is essential under the statute, if a legal tax had been imposed, there should be also a default in payment thereof, ascertained by a return of nulla bona upon a distress warrant issued to collect it, before the lien *thereof* could be enforced by suit. The alleged default of the respondent is not that he refused to pay the particular assessment $3.30 now sought in the amended bill to be enforced against his lands; but that

he refused to pay, in solido, $161.69, as a *single* tax against his property, sought to be enforced as such in the original bill, of which the $3.30 sought to be enforced in the amended bill, *is a part;* the refusal to pay $161.69 in solido, more than 49–50ths of which was, confessedly, by the present pleadings, illegal, is the alleged and *only* basis of the distress warrant, and $161.69 the amount for which it was issued.

The only distress warrant alleged to have been issued in this case was the distress warrant for $161.69.

A distress warrant can not be legally and duly issued for *$161.69* against respondent or his property, upon averment and proof that a valid levy and assessment for $3.30, and no more, had been assessed against him. There is no distress warrant issued or returned, to support the case made by the amended bill, if it be true that the real legal valid assessment is only for $3.30; and none other is alleged or prayed to be enforced in the amended bill. *Non constat*, the respondent would have paid this valid assessment of $3.30, could he have discharged his property from tax encumbrance by its payment. The statute, sec. 4, Art. 12, charter act, provides, "taxes and assessments on realty shall be and remain a lien on the property assessed until the same shall be paid. Such lien may, after return of *nulla bona* on a distress warrant, be enforced as other liens." The theory of the amended bill is that there was a valid tax and assessment, creating a separable lien on lots one, two and three of block 34, for $3.30, the amount of a single severable separate tax. Concede this, and the bill still falls under the demurrer, since as to this alleged separable tax thus creating a separate lien on these lots, there is no separable distress warrant issued for its collection, as a separate

tax, with the required return of *nulla bona* thereon, *necessary*, under the statute, and by its express command, to mature in the city the right to enforce, by suit, the alleged lien, as other liens are enforced.

But where does the Comptroller find the authority to group lots one, two and three *together*, and separate them from other pieces or lots of respondent, and identify the three as a single lot or parcel of land, for the purpose of assessing a tax against the three lots, as one lot, to be enforced against that arbitrary and artificial grouping as a single tax? If there be an ordinance authorizing this grouping and assessing, the bill should have informed the court of its existence, and submitted its legal effect to the judgment of the court, as an essential part of the proceedings required to make up a legal tax capable of enforcement by suit.

No Appearance for Appellee.

LIDDON, J.:

The appellee filed a bill in equity to enforce a lien upon real estate for municipal taxes against the appellant. The original bill of complaint sought to subject under the lien a large number of lots for taxes amounting to $161.69. A demurrer to this bill was sustained, and an amended bill filed which sought to enforce such lien only upon lots 1, 2 and 3 of Block 34, of Parker's subdivision of East Jacksonville, for the sum of $3.30. Exhibits attached to the bill of complaint and made a part thereof, show that the three lots mentioned were valued in bulk at the aggregate sum of $600, and the sum of $3.30 above mentioned was assessed upon the three lots upon such aggregate valuation. The said three lots are sought to be sub-

jected to one general lien for said amount, costs and attorney's fees. A demurrer for general want of equity, and upon several other grounds was interposed to the bill of complaint and overruled. The appellant, who was defendant below, appealed from this interlocutory decree.

. The bill of complaint does not show whether the assessment upon the lots in question was made upon a return of the same for taxation by the defendant, who listed the three lots in question as one tract or parcel of land, or whether they were listed, valued and assessed by the city authorities in the absence of such return. Guided by the rule, that upon a demurrer to a pleading all presumptions are against the pleader, we can not construe the bill of complaint as alleging a return or listing of the property for taxation by the defendant.

Quite a number of matters are argued by appellant, among others we think it necessary to determine is, adopting the form of an interrogatory, as follows: Can a municipal corporation enforce a single general lien upon three different lots of land upon an aggregate valuation and assesement made by the city authorities without a return or listing in aggregate for taxation by the owner of the property? There is no averment of any municipal ordinance providing for such a lien and the enforcement thereof. We can not take judicial notice of any such ordinance. We do not indicate any opinion as to whether such an ordinance, if enacted, would be valid or invalid. We determine the question entirely from the standpoint of our Constitution and the acts upon our statute books. Under the allegations of the bill of complaint the tax lien claimed is by virtue of section 4 of Article XII,

Chapter 3775, laws of Florida, acts of 1887 p. 179, entitled "An act to establish the municipality of Jacksonville, provide for its government and prescribe its jurisdiction and powers." The relevant portion of such section is as follows: "Taxes and assessments on realty shall be and remain a lien on the property assessed until the same shall be paid. Such lien may, after return of *nulla bona* on a distress warrant, be enforced as other liens." In State vs. Baker, 49 Texas, 763, cited with approval in Town of Kissimmee City vs. Drought, 26 Fla. 1, 7 South. Rep. 525, it is said: "The lots into which town or city blocks are subdivided, are generally regarded as separate and distinct tracts or parcels of land, as much so as separate and distinct though adjoining surveys or grants in the country; and each lot should be separately assessed." The constitution of Texas of 1868 provided (section 20, Article XII) that "the annual assessments made upon landed property shall be a lien upon the property." The case of State vs. Baker, *supra*, was a suit to foreclose a tax lien for a gross sum assessed against several lots in a block. Under the constitutional provision quoted the court held that the lien given is a charge merely upon each separate tract for the tax assessed against it, and that the suit to enforce a lien for a gross sum upon several lots could not be maintained. This case approved the former case in the same court, of Clegg vs. State, 42 Texas, 605, where the same point was likewise determined. The case of Edmonson vs. Galveston, 53 Texas, 157, was a suit to enforce a tax lien in favor of a municipal corporation. The court held that the construction of the lien provided by the constitution in State vs. Baker, and Clegg vs. State, *supra*, was applicable to tax liens claimed

by a city. The court said it could not "infer that a different or more enlarged lien should be had by towns and cities to secure and enforce the payment of municipal taxes than exists for those assessed in favor of the State." See, also, 2 Desty on Taxation, p. 733.

As the views of the Texas court seem in entire harmony with our system of assessing real estate for taxation, we adopt them. Town of Kissimmee City vs. Drought, 26 Fla. 1, 7 South. Rep. 525; Levy vs. Ladd, 25 Fla. 391, 17 South. Rep. 635. Upon the allegations of the bill of complaint, the complainant below could not enforce a general lien for a gross sum upon three lots of land upon an aggregate valuation and assessment of them except for the validating act of 1891 hereinafter referred to.

Another contention is, that the bill of complaint does not contain sufficient allegation of a legal assessment of the property. It is claimed that the bill should aver the several statutory steps required to create a legal and valid assessment. The allegation of the bill in regard to such assessment is as follows: "That upon the parcels of land so owned by the defendant, the complainant for the year 1890 duly assessed and levied a tax for the sum of three dollars and thirty cents." An objection similar to that now under consideration was made in the case of Lockhart vs. City of Houston, 45 Texas, 317, but the court said "the averment that the property was assessed for taxes was sufficient, without specifying the officer by whom it was assessed, and without stating all the facts constituting a legal assessment. To require in the petition a detail of the facts necessary to make it appear that the levy and the assessment of the tax

were regular and legal would be both burdensome and useless. They are themselves facts sufficiently removed in their nature from mere conclusions of law to admit of being averred like the protest of a bill of exchange without specifying what acts were done, or by what officer.'' To similar effect are People vs. Todd, 23 Cal. 181, and 2 Desty on Taxation, p. 712.

The city of Jacksonville is not represented in the case before us. Nothing appears in the pleadings or in brief of counsel as to the effect of the act of 1891, Chapter 4039 laws of Florida, upon this assessment. Section 2 of this act provides ''that the assessments and levies of taxes as made and entered upon the several assessment rolls of said city of Jacksonville for the years 1887, 1888, 1889 and 1890, severally, * * are hereby legalized and confirmed.'' Under the previous utterances of this court upon the subject there can be no doubt of the power of the legislative department of the State government to legalize and validate assessments and levies of taxes which, but for such legalizing action, would be irregular and invalid. Smith vs. Longe, 20 Fla. 697; City of Jacksonville vs. Basnett, 20 Fla. 525. But for this validating act we would hold the tax assessment void, and that proceedings to enforce a lien based thereon could not be maintained. We do not see that the validating act conflicts with any constitutional provision. It is not made to appear that any constitutional principle has been violated in the assessment sought to be enforced. We must, therefore, uphold the statute. ᪲Bloxham vs. Florida Central & Peninsular R. R. Co., 35 Fla. 635, 17 South. Rep. 902.

It is also objected that the distress warrant, described

in the bill of complaint, was issued for a greater sum and for taxes due upon other lots besides those in controversy. As the city is not represented here, and no complaint is made of the action of the court sustaining the demurrer to the original bill, we do not express any ópinion as to whether or not, in view of the vali-dating act of 1891, this ruling was correct or not. The only object and purpose of requiring a return of *nulla bona* upon a distress warrant was that exhaustion of personal property might thereby be shown and proper ground laid for proceedings to enforce the lien upon real estate. It clearly appears by the bill of complaint alleging return of *nulla bona* upon a distress warrant that no personal property can be found to pay the very tax sought to be enforced. The letter, as well as the purpose and spirit, of the law appears to have been complied with in this respect.

The decree overruling the demurrer to the amended bill is affirmed.