AGNES A. C. CARR AND HER HUSBAND, W. J. S. CARR, *Appellants,* v. THE CITY OF KISSIMMEE, *Appellee.*

Opinion Filed November 29, 1920.

1. When the method and procedure for the enforcement of a lien for sidewalk construction is prescribed in the act authorizing the improvements, the city is bound to follow the method and procedure prescribed, and the failure to do so makes an assessment for such tax unenforceable.

2. A resolution of a city council when it expresses only the intention of the city, cannot be reformed in equity.

3. Sales made by operation of law, in which the owner of the land does not participate, and in which there can be no mutual mistake, and deeds issued by virtue of such sales are not subject to reformation.

4. A tax certificate issued by a city is not such an instrument that a court of equity may reform.

An Appeal from the Circuit Court for Osceola County; C. O. Andrews, Judge.

Decree reversed.

*Johnston & Garrett,* for Appellants;

*Lewis O'Bryan,* for Appellee.

BROWNE, C. J.—This proceeding seeks to enforce a lien for the construction of sidewalks abutting two lots in the City of Kissimmee belonging to Agnes A. C. Carr.

The bill alleges among other things that the City of Kissimmee "Issued a certificate of indebtedness against

the following real estate owned by the defendant Agnes A. C. Carr, to-wit: Lots 1 and 2 of Block 'EE' of W. A. Patrick's Addition to the City of Kissimmee, according to the plat thereof on file in the office of the Clerk of said county." The bill further alleges "that through oversight or error the form of certificate of indebtedness for paving was used instead of the form for sidewalk providing for the assessment of the entire cost of sidewalk against the abutting property and same entered in the City Lien Book in accordance with law. That one certificate should have been issued assessing the entire cost of sidewalk against Lot 1 of Block 'EE' in the sum of $72.18, and one certificate assessing the entire cost of sidewalk against Lot 2 of Block 'EE' in the sum of $74.60."

The bill prays for a foreclosure of the lien and also "that the certificate of indebtedness herein above referred to be reformed to speak the truth and in accordance with the facts as herein above set out and evidenced by the certified copy of the minutes of the City Council of the City of Kissimmee, herein above referred to, and marked Exhibit A, and a separate lien declared against each lot."

The sidewalks were constructed by the city under the authority of Chapter 6361, Laws of Florida, 1911. Section 4 of the Act provides that the council "shall issue certificates of indebtedness for the amount so assessed against the abutting property, a seperate certificate to be issued against each tract of land assessed." In including both lots in one certificate, the city acted in violation of the special act which requires "a separate certificate to be issued against each tract of land assessed." A failure to comply with this provision of the law is set up in the bill filed by the city for the foreclosure of its lien, and it is admitted in the brief of counsel for appellee. The

city was bound to follow the method and procedure pre-scribed in the special act, and its failure to do so in this instance makes the assessment uninforceable. See Town of Kissmmee City v. Drought, 26 Fla. 1, 7 South Rep. 525; Town of Kissimmee City v. Cannon, 26 Fla. 3, 7 South. Rep. 523; Parker v. City of Jacksonville, 37 Fla. 342, 20 South Rep. 538.

The bill, however, seeks to avoid the effect of the error in issuing but one certificate by asking for its reforma-tion.

It is well settled that a mistake that can be corrected in equity must be mutual. For a full collection of authorities on this subject, see Notes to Williams v. Hamilton, 65 Am. St. Rep. 475. It has therefore been held, that a resolution.of a city council when it expresses only the intention of the city, cannot be reformed in equity. Carskaddon v. City of South Bend, 141 Ind. 596, 39 N. E. Rep. 667.

For the same reason, sales made by operation of law, in which the owner of the land does not participate and in which there can be no mutual mistake, and deeds issued by virtue of such sales, are not subject to reforma-tion. Rogers v. Abbott, 37 Ind. 138; Keepfer v. Force, 86 Ind. 81; Batelle v. Knight, 23 S. Dak. 161, 120 N. W. Rep. 1102, 20 Ann. Cas. 456 and Notes.

There could of course be no mutuality between Mrs. Carr and the city whose officials made the certificates of indebtedness, in the making of which she did not partici-pate, and the transaction is lacking in that quality that is essential before a court of equity can grant its relief.

Our conclusion is that the certificate that is the basis of the city's cause of action, is void, and that it is not such an instrument that a court of equity may reform.

It follows, therefore, that the bill is without equity, and the demurrer to the bill should have been sustained.

The decree is reversed.

TAYLOR, ELLIS AND WEST, J. J., concur.

WHITFIELD, J., dissents.

WHITFIELD, J., dissenting—The certificates in this case are not tax deeds but are mere statutory evidences of indebtedness for sidewalk improvements, and a mere error in making one certificate cover the indebtedness of the same owner for two lots, if material, may be corrected under the supervision of a court of equity in the absence of other remedy afforded by law. A "lot" may not be a "tract" within the meaning of the statute. It is the duty of the city officials to make proper certificates and mere errors in making the certificates do not affect the liens of the city. Equity regards substance rather than form. Equity regards that as done which ought to be done. Equity having jurisdiction of the subject *and* of the parties will do complete justice in the premises.

Where the statutory liens of a municipality for local improvement special assessments are to be enforced, equity may incidentally permit a statutory duty to be properly performed in evidencing the indebtedness for which the liens are given. See 5 McQuillin Mun. Corp. p. 4486; 86 Mo. 451; 64 Mo. App. 207.