Ellis, J.
 

 This is an appeal from an order dissolving a temporary injunction granted by a court commissioner of the Seventh Judicial Circuit and dismissing the bill of complaint.
 

 The injunction restrained the Town of Holly Hill, its officers, clerks, agents and tax collector, Grace Ogg, from selling or offering for sale certain lots for. delinquent taxes assessed and levied for the year 1927 against the property of the appellant. The defendants in the court below moved the court to dissolve the injunction or restraining order, one of the grounds being that there was no showing made that when the court commissioner granted the injunction the judge of the court was absent or without the circuit or disqualified or unable to act in the cause.
 

 
 *1132
 
 That was a valid ground for vacating the order of the court commissioner, because his power to issue writs of injunction exists only when the circuit judge is absent from the county. See Article V, Section 14, Constitution; McMichael v. Grady, 34 Fla. 219, 15 So. R. 765.
 

 The record should affirmatively show that the court commissioner issued the writ in the absence of the circuit judge from the county.
 

 The motion was merely to dissolve the temporary injunction. The court, however, seemed to treat it as a demurrer to the bill attacking its sufficiency, although there was no affidavit that it was not interposed for delay nor that in the opinion of counsel the points of law to be arguedo were well founded.
 

 We think the bill was not subject to demurrer for lack of equity, therefore, the court erred in voluntarily dismissing the bill.
 

 The complainant sought to restrain the Town of Holly Hill from selling the complainant’s property, consisting of certain lots of land within the town, for the taxes assessed and levied against the property for the year 1927. The allegations of the bill are that the property was improperly assessed in that it was not assessed to the owner, its legal representative, nor as “unknown,” nor in the name of the owner of the previous year except in the case of eight lots which constitute a very small portion of the property; that the assessor in making the assessment placed a value upon the property greatly in excess of its actual cash value, or its fair or just value; that the value at which it was assessed was more than four times its actual cash value; that the assessor in making the assessment knowingly and consciously discriminated against the complainant and that the act was arbitrary and unjust; that the assessor was unacquainted with the value of the property, made no ef
 
 *1133
 
 •fort to inform himself, bnt assessed the property pursuant to a system, rule or scheme, by which all property was assessed upon a front foot basis on certain streets, without allowing any differences for improvements, which rule discriminated against the complainant and others holding unimproved property in favor of that class of owners whose property was improved.
 

 There is much in the bill of complaint which is unessential and what allegations that are made which may be considered as a- basis for the relief prayed are somewhat weak and uncertain but not wholely valueless for any purpose. Under the allegations as made it may be possible to make out a strong case of inefficiency, fraudulent purpose, and a wholly invalid system for the assessment of taxes designed to purposely discriminate against one class of citizens in favor of another.
 

 If the tax as levied is in law illegal the sale of the property for such illegal tax will cast a cloud upon the title to the real estate. Equity has jurisdiction to enjoin the assessment and collection of an illegal tax upon real estate which if assessed or collected will cast a cloud over the title to such real estate. See Pickett v. Russell, 42 Fla. 116, 28 So. R. 764; Smith v. Longe, 20 Fla. 697.
 

 That is the extent to which the. doctrine goes. If a cloud is cast upon the title to a citizen’s real estate by the arbitrary, fraudulent and wholly illegal conduct of an assessing officer to further his own advantage, or in carrying out a scheme of taxation devised by the municipality for whom he acts, which discriminates unlawfully between parcels of land to the end that the owner of same should be favored at the expense of others who happen to be
 
 persona non grata
 
 with the officers in charge of executing the law, the citizen., has no redress, no adequate remedy by the ordinary processes of the law.
 

 
 *1134
 
 No legitimate authority exists in a city tax assessor to fraudulently discriminate in favor of his own property and that of his friends and against others not within his illegitimate graces, nor to carry out or execute at the bequest of his superiors in office a system of valuation for purposes of taxation which is intended to operate unequally in violation of the fundamental principles of the Constitution. See Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. R. 503; Graham v. City of West Tampa, 71 Fla. 605, 71 So. R. 926.
 

 The allegations of the bill may be subject to the criticism that they do not reach a high degree of clearness and are somewhat weak in thé matter of fraudulent, illegal or unjust purpose on the part of the authorities of the town. However, we cannot say that the bill of complaint is wholly deficient to the point that it should be dismissed
 
 sua sponte
 
 or that the chancellor should have done so.
 

 The order is, therefore, reversed in so far as the bill was dismissed.
 

 Terrell, 0. J., and Brown, J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.