ACKLEY ET AL., D. B. A. THE PERKINS SYSTEM, APPEL-
LANTS, *v.* THE NILES CITY PARK COMMISSION
ET AL., APPELLEES.

(No. 980—Decided September 23, 1939.)

*Mr. Jay Buchwalter,* for appellants.
*Mr. David Clayman,* for appellees.

PHILLIPS, J.   Plaintiffs filed their action in the lower court to recover the sum of $3,020, the balance due under a contract with defendant, Niles City Park Commission, with interest thereon from the 18th day of June 1935.   A jury was waived and the case was submitted to the court which found in favor of the defendants and entered judgment on that finding.   From that judgment plaintiffs appealed to this court on questions of law.

248

It was conceded by all the parties to this action that the plaintiffs were either entitled to recover the entire amount due under their contract or nothing. The action was based on a contract and the doctrine of *quantum meruit* was not involved.

The evidence disclosed that the council of the city of Niles passed a resolution on the 31st day of July 1933 which authorized the Niles City Park Commission to make application to the Federal Emergency Administration of Public Works for a loan to finance the construction of a swimming pool and bath house in Waddell Park in the city of Niles; that thereafter on December 1, 1933, the Niles City Park Commission entered into a written agreement with Harry H. Ackley and H. H. Nellis, doing business as The Perkins System, by the terms of which it was agreed that they should furnish all the engineering and architectural services involved in the construction of the swimming pool; that the contract provided plaintiffs were to be paid the sum of $3,500 for their services in installments from the revenue derived from the operation of the pool during the first two or possibly three operating seasons thereof, provided however that, if the revenue derived from the operation thereof during the operating season of 1934 was sufficient to pay their fees, then and in that event the entire amount was to be paid from these proceeds and provided further that a minimum of one-third of the amount was to be paid in July of each year; that on the 14th day of February 1934 the Niles City Park Commission notified the plaintiffs that the city solicitor of Niles had declared the contract invalid and refused to pay them further for their services; that at this time about 75 per cent of their work under the contract had been completed; that the Niles city council passed an ordinance on the 5th day of July 1934, which authorized a bond issue in the sum of $4,000 for the purpose of acquiring a fund with

which to make permanent improvements to the park system of the city of Niles, namely the swimming pool and bath house in Waddell Park.

The evidence further disclosed that the plaintiffs kept and performed all of the terms, conditions and covenants of the agreement on their part to be kept and performed and were paid $486, and that the revenue derived from the operation of the project during the first two operating seasons was sufficient to pay plaintiffs for their services.

Plaintiffs contended: First, that the contract was for professional services of an architect of a kind requiring special skill and technical learning, and that the statutory provision, that if the contract involved the expenditure of more than $500 competitive bidding was required, did not apply; second, that the payment for the improvement was not to be made from general taxation, but from the revenue derived from the operation of the pool; that it was a utility which provided revenue for the park fund, and did not concern general taxation; that therefore a certificate of the auditor that the fund was available before the contract was valid did not apply and approval of the board of control was not necessary. Finally, plaintiffs contended that in any event the resolution of the Niles city council passed July 31, 1933, which authorized the park commission to make application to the Federal Emergency Administration of Public Works for a loan, authorized the commission to enter into the agreement, and that the ordinance authorizing the bond issue to secure funds to complete the construction of the project ratified the action of the park commission and validated the contract; that since the council of the city of Niles authorized the improvement it was not necessary, for it to approve the specific contract; and that therefore, the trial judge committed prejudicial error when he found that the council of the city of Niles had

not authorized and directed the Niles City Park Commission to enter into the contract.

Defendants admitted in their brief that the services for which provision was made in the contract were of a special character and that it was not necessary to the validity of the contract that the Niles city council advertise for and accept bids and waived any argument as to the necessity of an attached auditor's certificate, but contended that the contract was invalid for the reason that the Niles city council had not authorized the Niles City Park Commission to enter into the contract, and that therefore it was not a valid and enforceable contract against the city. Defendants further contend that the resolution passed July 31, 1933, which authorized the park commission to make application to the Federal Emergency Administration of Public Works for a loan to finance the construction of the swimming pool and bath house, did not authorize the park commission to enter into the contract with plaintiffs for architectural and engineering services; that the failure of the board of control to approve the contract made it invalid and unenforceable; and, lastly, that the ordinance passed July 5, 1934, for the purpose of acquiring a fund with which to make permanent improvements to the park system of the city of Niles, namely the Niles swimming pool, did not ratify the contract which the park commission attempted to enter into with the plaintiffs. In other words, defendants contend that the contract had no validity from its inception, and that no action of the city of Niles subsequent thereto had made it a valid and enforceable contract against that city.

Both parties submitted excellent briefs and cited numerous authorities to support their contentions which have been helpful to this court. We pause to commend their industry.

The lower court found that the agreement did not constitute an enforceable contract for the reasons that

there was no proof that the council of the city of Niles had authorized and directed the Niles City Park Commission to enter into the agreement; that the board of control had not approved it; and that in the absence of that authority and approval it was not a valid contract.

Defendants have spared us the necessity of passing upon the question of the necessity of advertising for or letting the contract to the lowest and best bidder, as they admit that the subject of the contract was for professional and technical services, and they have also spared us the necessity of passing upon the question of the necessity of a certificate of the auditor, as they further admit that the purpose of the project was the acquisition of a revenue-producing utility.

These questions having been eliminated, we must now consider other claims and contentions, namely, that the resolution passed on July 31, 1933, authorized the commission to enter into the contract and the ordinance passed July 5, 1934, ratified that action.

We come first to a consideration of the question of whether the resolution of the Niles city council to make application to the Federal Emergency Administration of Public Works, for a loan to finance the construction of the swimming pool and bath house, authorized the park commission to enter into the agreement in question.

It is observed that the resolution only authorized the park commission to make application to the Federal Emergency Administration of Public Works for a loan to finance the construction of a swimming pool and bath house and to do no more than that. By that resolution, the park commission was not authorized to enter into any contract of any kind, with anybody, commence operations of any sort, or do anything other than make application for a loan. The language of the resolution is clear and unambiguous and the obvious authority conferred thereby was to make applica-

tion solely to the Federal Emergency Administration of Public Works for a loan to finance the construction of a swimming pool and bath house, not to any other financial institution, for any other purpose, or for any other thing. We have concluded therefore that the trial court did not err when it found that the resolution in question did not authorize the commission to enter into a contract with the plaintiffs.

It is an agreed fact that the council of the city of Niles passed no ordinance which authorized the park commission to enter into the contract with plaintiffs, and that the board of control of that city did not approve the contract.

Sections 4063, 4328 and 4403 of the General Code, so far as pertinent, provide as follows:

"In the letting of contracts, the board of park commissioners shall be governed by the same laws as govern the letting of contracts by the director of public service." Section 4063, General Code.

"When an expenditure * * * other than the compensation of persons employed therein, exceeds five hundred dollars, such expenditure shall first be authorized and directed by ordinance of council. When so authorized and directed, the director of public service shall make a written contract * * *." Section 4328, General Code.

"No contract in the department of public service or the department of public safety in excess of five hundred dollars shall be awarded except on the approval of the board of control, which shall direct the director of the appropriate department to enter into the contract * * *." Section 4403, General Code.

These sections of the code are plain, mandatory provisions of the law, enacted for the benefit and protection of the taxpayers of a municipality and must be strictly followed. These sections provide that the board of park commissioners shall be governed by the same law as governs the director of public service.

That officer cannot make a contract in excess of $500 unless his action has been authorized by an ordinance passed by the city council. It is therefore clear that the Niles City Park Commission could not enter into this contract with the plaintiffs unless first authorized by the council of the city of Niles to do so.

Manifestly then under the cited sections of the code the contract was invalid from its inception unless made valid by subsequent ratification.

This brings us then to a consideration of the question of whether the ordinance passed by the council of the city of Niles, "for the purpose of acquiring a fund with which to make permanent improvements to the park system of the city of Niles, to wit: the Niles swimming pool," ratified the action taken by the Niles Park Commission when it entered into the contract with plaintiffs.

We have concluded that the trial judge did not commit error prejudicial to the rights of the plaintiffs when he found that the council of the city of Niles did not ratify the acts of the Niles Park Commission when that body entered into the contract with plaintiffs. We so hold.

The reason that compliance with the pertinent statutory provisions must be strictly adhered to when public contracts are executed or ratified as a condition precedent to validity is to safeguard the public interest. See, McCloud v. City of Columbus, 54 Ohio St., 439, 44 N. E., 95; City of Lancaster v. Miller, 58 Ohio St., 558, 51 N. E., 52; Buchanan Bridge Co. v. Campbell, 60 Ohio St., 406, 54 N. E., 372; Village of Carthage v. Diekmeier, 79 Ohio St., 323, 87 N. E., 178; Frisbie Co. v. City of East Cleveland, 98 Ohio St., 266, 120 N. E., 309.

"An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want

of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit." *McCloud* v. *City of Columbus, supra,* at 453.

"The judiciary should construe these restrictive statutory provisions designed by the Legislature to protect the public treasury * * * so as to effect the object intended." *McCloud* v. *City of Columbus, supra,* at 453.

We have examined and considered all assignments of error and find no prejudicial error therein which would warrant a reversal of the judgment of the lower court.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

Nichols, P. J., and Carter, J., concur.