PER CURIAM.
This is an appeal from a summary final judgment for the defendants, The City of Miami Beach, the Honorable Jay Dermer, as Mayor of the City of Miami Beach, the Honorable Ruth P. Rouleau, as City Clerk of the City of Miami Beach, VIDA, Ltd., a limited partnership and Marshall Wise, Director, Gerald K. Schwartz, member, David Taub, member, Sherman Fast, member, Abe Solosko, member, as constituting the Miami Beach Housing Authority, all of whom are appellees in this case. The appellants are a resident and tax payer of the City of Miami Beach, A. J. Cristol, and the Palm-Hibiscus-Star Islands Property Owners Association. The summary judgment was granted by the court after the taking of depositions and the filing of affidavits. Upon the motion of the appellees, this appeal was expedited by the shortening of the time for the filing of the record and the briefs and the oral argument was set for an early date. All of these scheduled events have now occurred and we have expedited the filing of this decision because of the nature of the subject matter involved.
The complaint sought to enjoin the City of Miami Beach from conveying certain public lands to the defendant-appellee, VIDA, Ltd. The pleadings, depositions and affidavits on file make it clear that the public lands were to be conveyed for the purpose of the erection thereon of an urban housing development under the regulations of the Department of Housing and Urban Development of the United States. The trial judge reached the conclusion that there were no genuine issues of material fact and that the defendants were entitled to a judgment as a matter of law.
Appellants have presented nine points on appeal. The main thrust of the appeal is that the proposed sale is illegal because it is not in compliance with F.S. § 167.77, F.S.A. The pleadings, depositions and affidavits before the trial judge established clearly that the purpose of the conveyance was public in nature. The record shows that under the plan being followed, the property owned by the City will be conveyed first to its own housing authority and from that entity to the developer for a consideration of $100,000.00. Thereafter, the developer will erect in conformity with the regulations of the Department of Housing and Urban Development of the United States, a multiple-unit housing development for the use of the elderly citizens of the community of Miami Beach. It further appears that upon completion of the project, the property encumbered by the mortgage necessary for the financing of the construction and the payment of the fee of the developer will be returned to the City’s Public Housing Authority for the purchase price. The housing authority will operate the project and upon the expiration of the forty-year term mortgage, the property will revert to the City. We think that it clearly appears from these facts that transfer of this property is authorized by F.S. § 422.04(2)[1], F.S.A., and that it is for a public purpose under F.S. § 421.03(9), F.S.A.
Appellants’ second line of attack is that there are factual matters in issue which preclude entry of summary judgment. We have reviewed each suggested factual issue both as contained in appellants’ brief and as presented upon oral argument and we find that the trial judge correctly found that there were no genuine issues of material fact. We note that the only basis upon which appellants could have been entitled to the injunction they prayed for was the claimed illegality of the transfer. Issues of fact which do not go *597 to the question of the legality of the transfer cannot he said to be material issues.
Appellants’ third line of attack argues that some of the members of the Miami Beach Housing Authority do not have the power to act in their official positions. This argument is made upon the basis of an allegation that the appointments of the members were not confirmed by the city council as required by the ordinance creating the authority. While this argument may be effective to question the de jure right of certain of the members of the housing authority to participate in the actions of the authority, it is not sufficient to defeat the de facto existence of the authority. It is a collateral attack upon the acts of the authority and would not, if proven constitute a basis for a holding that the proposed transfer of the City to its housing authority is illegal.
Appellants’ last line of attack is that the procedural handling of this case constituted a denial of procedural due process to the plaintiffs and that therefore the judgment should be reversed as a violation of the federal and state constitutions. We find nothing whatsoever in this record to suggest a denial of procedural due process to the appellants. The record does not show the date of the filing of appellants’ first complaint but it does show that on August 4, 1970, an amended complaint for injunction was filed. The next several months were taken up in pleadings and discovery. The motion for summary judgment which was eventually granted was filed in September, 1970, and the hearing thereon was held on the 9th day of November, 1970. Final judgment after the denial of motion for rehearing was not entered until January 18, 1971. Appellant was granted every opportunity to engage in discovery and full hearings were held.
We have considered the other points presented and are not convinced of error. The pleadings, depositions and affidavits together with the admissions on file demonstrated that there was no genuine issue of material fact to be tried and that the appellants were entitled to a judgment as a matter of law. The trial court properly entered the summary judgment appealed.
In view of the fact that this appeal has been expedited and because of the importance for an early disposition of this appeal, the time for the filing for petitions for rehearing in this cause is shortened to five days from the date of the filing of this decision.
Affirmed.

. “Any law or statute to the contrary notwithstanding, any sale, conveyance, lease or agreement provided for in this section may be made by a state public body without appraisal, public notice, advertisement or public bidding.” ,