PER CURIAM.
This is the second appearance of this controversy in this court. See: Cristol v. City of Miami Beach, Fla.App.1971, 246 So.2d 595. Subsequent to our opinion in 1971, the City Council deeded the property involved to a private developer and it applied for certain permits to commence the construction of a low rent housing development for the use of the elderly.
The instant law suit was commenced in the trial court seeking to enjoin construction under the permit as issued. Following the taking of testimony, the trial court refused to invalidate the building permit as issued by the City, refused to enjoin the construction, and made certain other rulings which have been assigned as error in this appeal. Because of our disposition of this matter, beyond finding that the appellant was a proper plaintiff,[1] we find that the other points need not be discussed because we find that the deed to the private developer was contrary to the clear mandate of the people as expressed in the referendum which was presented to them.' The referendum question, which was presented to the electorate of the City of Miami Beach, read as follows:
‡ ‡ ‡ * 5{t
“Shall the City Council be authorized to convey to the Miami Beach Housing Authority, the following parcel of land:
Lots 15 through 20, Block 111, OCEAN BEACH ADDITION NO. 3, Plat Book 2, Page 81, of the Public Records of Dade County, Florida;
for use as Low Rent Housing for the Elderly, under Turnkey contractual procedures authorized by the United States Housing Act of 1937, as amended, either at a nominal consideration, or in no event at more than the value of said land as approved by the Department of Housing and Urban Development and *522 payable upon such terms as may be prescribed by the City Council?
MAKE A CROSS (X) AFTER YOUR CHOICE
* *****
Pursuant to this authorization, the City Council of the City of Miami Beach was authorized to convey the property described to the Miami Beach Housing Authority, subject to the provisions of the United States Housing Act of 1937, as amended, and subject to the provisions of Ch. 422, Fla.Stat., F.S.A. City of Gainesville v. McCreary, 66 Fla. 507, 63 So. 914; Whitner v. Woodruff, 68 Fla. 465, 67 So 110; Carr v. City of Kissimmee, 80 Fla. 759, 86 So. 699; Pirman v. Florida State Improvement Commission, Fla.1955, 78 So. 2d 718; City of Ft. Pierce v. Scofield Engineering Co., 5th Cir. 1932, 57 F. 1026; Ackley v. Niles City Park Commission, 68 Ohio App. 247, 40 N.E.2d 215.
It having been conceded from this record that the City did not deed the property to the Housing Authority but did, in fact, deed the property direct to a private developer, the City was without authority to do such; their only authority under the referendum was to convey to the Housing Authority. Having conveyed to one to whom they were not authorized to make a conveyance, such deed was ineffective and therefore the grantee, EDA, INC., was not authorized to secure a building permit. Therefore, the trial judge’s order refusing to invalidate the permit was in error for this reason and he will be reversed in this regard.
From the terms of the referendum, it does not appear that the City Council was authorized to go forward with a low rent housing project, but if they elected to do so they had to require the facility to be built on the property described in the public notice. A deed could have been given to the Miami Beach Housing Authority and the Housing Authority would be subject, in conveying out any property, to the provisions of Ch. 421, Fla.Stat., F.S.A., relating to maximum rent schedules, guaranteed use of the premises, etc.
Therefore, for the reasons above stated, so much of the final judgment here under review validating the permit is reversed, with directions to enjoin the defendants below from proceeding with this project until such time as the City and the Miami Beach Housing Authority [in the conveyance of the property involved] comply with the authorization of the referendum and the prohibitions contained in Ch. 421, Fla. Stat., F.S.A.
Reversed with directions.

. See: Bryan v. City of Miami, Fla.1951, 51 So.2d 300.