THE STATE OF TEXAS V. THOMAS BAKER ET AL.

1. ASSESSMENT OF TOWN LOTS. — The lots into which town or city blocks are subdivided, are generally regarded as separate and distinct tracts or parcels of land, as much so as separate and distinct though adjoining surveys or grants in the country ; and each lot should be separately assessed.
2. LIEN ON REAL ESTATE FOR TAXES.—The lien given by sections 19–22 of article 12 of the Constitution of 1869, is a charge merely upon each separate tract for the tax assessed against it.
3. SAME.—A suit to foreclose such tax lien, brought for a gross sum alleged to be assessed against several lots in a block, cannot be maintained.
4. APPROVED.—Clegg v. The State, 42 Tex., 605, approved.

APPEAL from Galveston.   Tried below before the Hon. A. P. McCormick.

*Walter Gresham,* for the State.

*L. E. Trezevant,* for appellees.

MOORE, ASSOCIATE JUSTICE.—This is a suit on behalf of the State, brought by the district attorney October 24, 1874, in the District Court of Galveston county, for the collection of the *ad-valorem* and one-eighth of one per cent. school tax for the year 1871, and interest thereon at the rate of ten per cent. per annum from January 1, 1872, assessed against appellees as the owners of lots numbers 1, 2, 3, 4, 5, 6, and 7, in block number 255, in the city of Galveston.

It is alleged in the petition, as we infer from the agreed statement upon which the case comes before us, that said lots were " assessed in bulk as of the value of $5,950," and that a lien for the aggregate amount of tax sued for, viz., $37.39, and interest thereon as aforesaid, is sought to be enforced in like manner against the entire property.   But whether this aggregate value of the property and total amount of tax was ascertained by adding up the assessed value of each of said

lots, or by valuing and assessing them in bulk as a whole, is not shown; or whether said lots constituted the whole or a part of said block, and had been listed by the owners as one tract or parcel of land, though designated and described by the numbers of the lots and block for its identification, or whether it was thus assessed by the assessor, is not made to appear.

Each lot into which town or city blocks are subdivided, is generally regarded as a separate and distinct tract or parcel of land, as much so as separate and distinct though adjoining surveys or grants in the country, and should ordinarily be separately assessed for the taxes with which it is properly chargeable,—as was, in effect, held by us in the case of Clegg *v.* The State, 42 Tex., 605; and the lien given by the Constitution (Const. 1869, art. 12, secs. 19–22) is a charge merely upon each separate tract for the tax assessed against it. The decision in that case we regard as decisive of this one, and requires an affirmance of the judgment.

We are not to be understood, however, by anything which we now or have heretofore said, as either holding or intimating that either lots or blocks in a town or city, or originally distinct and separate surveys or grants in the country, if listed and assessed by the owner, or with his knowledge and approbation, as a single tract or parcel of land, may not be subject to a lien for the aggregate tax thus assessed; or that two or more originally separate tracts or parcels of land, either in town or country, may not be so used and occupied by the owner as to warrant their assessment as a single tract. This is not the question presented for our determination by this record, and it will be time enough to consider it when we are called upon to do so. While the record may not positively evidence either hypothesis which we have suggested, the presumption which we must indulge in favor of the correctness of the ruling of the court below requires us to do so.

There is no error in the judgment, and it is affirmed.

AFFIRMED.