## DALLAS TITLE AND TRUST COMPANY ET AL. V. CITY OF OAK CLIFF.

### No. 874.

1. **Municipal Corporation—Charter Method of Collecting Taxes not Exclusive.**—Where the charter of a city prescribes a summary method of collecting its taxes, and gives specifically a full and adequate mode, it is held that such mode is not exclusive, but that the city may sue for the collection of such taxes.

2. **Same—Power to Sue—Ordinance.**—As a city has the right by statute to bring suits (Sayles' Revised Statutes, article 342), no ordinance is necessary to authorize it to sue for its taxes, a resolution directing the suit to be brought being sufficient for that purpose.

3. **Same—Assessment of Taxes—Description of Property.**—An assessment of property for city taxes made in the manner approved by the taxpayer, and according to the inventory furnished by him, is held valid, although there are some irregularities in the description of the property, such as assessing several lots together, and the like.

4. **Same—Abstract and Survey Numbers.**—When the city ordinances provide that a description of real estate by lot and block numbers shall be sufficient, a failure to give the abstract and survey numbers required by the general statute is not a fatal omission.

ERROR from Dallas.    Tried below before Hon. EDWARD GRAY.

*Leake, Henry & Reeves,* for plaintiffs in error.—1. The court erred in holding that plaintiff could maintain a suit for the collection of its taxes.    Bordages v. Higgins, 1 Texas Civ. App., 43; City of Fort Worth v. Davis, 57 Texas, 237; Allen v. City of Galveston, 51 Texas, 318; Wood v. City of Galveston, 76 Texas, 132; Cool. on Tax., 13, 300, 464; Dill. Mun. Corp., secs. 769, 815, 816; Bank v. United States, 19 Wall., 227; Potter's Dwarris on Statutes, 275; Flournoy v. Jeffersonville, 17 Ind., 160.

2. The court erred in holding that the city could collect its taxes by suit in the absence of an ordinance providing for their collection in

that mode. 1 Dill. Mun. Corp., 384, and note; 2 Dill. Mun. Corp., sec. 781; Newman v. Emporia, 32 Kan., 456.

3. If the charter empowered the city to provide by ordinance for the collection of its taxes, and the city by ordinance provided a mode different than by suit, this mode would be exclusive, and its taxes could not be collected by suit, and the court erred in so holding. Clegg v. The State, 42 Texas, 607; 2 Dill. Mun. Corp., 996, and note.

4. The assessments of all the defendant's property is void, because no abstract number, number of survey, or number of certificate is set forth in the assessment, and the original grantee is not given as to the lots. Rev. Stats., arts. 4710, 4711; Morgan v. Smith, 70 Texas, 640.

5. The assessment upon the aggregate value of two or more lots, instead of upon each separately, is void. Rev. Stats., art. 4692; Clegg v. The State, 42 Texas, 607; The State v. Baker, 49 Texas, 763.

*J. W. Moore*, for defendant in error.—1. A tax legally levied and assessed by a municipal corporation pursuant to its charter creates a legal obligation to pay such tax, and the city can recover it by suit, and this although there may be a summary mode of recovery provided by statute. City of Henrietta v. Eustis, 26 S. W. Rep., 619; Sayles' Civ. Stats., arts. 342, 4777b, 4760, note 2; Howard v. Houston, 59 Texas, 76; Cave v. Houston, 65 Texas, 619; State v. Baker, 49 Texas 763; 1 W. & W. C. C., sec. 59; Bordages v. Higgins, 20 S. W. Rep., 726; Burrows on Tax., sec. 105; Desty on Tax., 706; Dill. Mun. Corp., sec. 817; 22 S. W. Rep., 713, 785.

2. The mode provided by statute will not be exclusive of other methods, unless it clearly appears from said statute that it was the intention of the Legislature to make it so. Cave v. City of Houston, 65 Texas, 619; 2 Desty on Tax., 706; Dill. Mun. Corp., sec. 815; Bank v. United States, 19 Wall., 227; Perry County v. Railway, 58 Ala., 546; Winter v. Montgomery Council, 79 Ala., 481; 41 Iowa, 134.

3. If it was necessary that the city council should provide by ordinance for the collection of taxes by suit, they could pass such an ordinance after suit was brought, and at any time before said taxes were collected. Cowgill v. Long, 15 Ill., 203; 76 Am. Dec., 529, and notes.

4. In this State taxes duly levied and assessed are debts or legal demands for which there is an implied promise to pay by the person against whose property they are assessed, and a personal judgment for same is legal. Sayles' Civ. Stats., art. 4777b; Bummel v. City of Houston, 68 Texas, 10; Melinger v. City of Houston, 68 Texas, 37.

5. The city council has power by ordinance to regulate the manner and mode of making out tax lists, or inventories of property. Sayles' Civ. Stats., art. 440; The State v. Baker, 49 Texas, 763; Kissime City v. Draught, 26 Fla., 1; 7 South. Rep., 525; Black on Tax Titles, sec. 103, p. 126.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by defendant in error to recover of plaintiffs in error ad valorem taxes claimed to be due on their lots situated in the city of Oak Cliff, which is incorporated under the general law relating to the incorporating of cities. A personal judgment was rendered in favor of defendant in error for the full amount of taxes, decreeing it to be a lien on the land, and foreclosing the same. From said judgment this writ of error is prosecuted.

The statement of facts contained in the record is a concise agreed statement of the facts proven upon the trial, and is adopted by this court as its conclusions of fact in the cause.

The first assignment of error presents the proposition: "When a charter confers on a city the right to levy and collect taxes, and specifically prescribes in the charter a full and adequate mode, other than by suit, by which the taxes shall be collected, the method prescribed is exclusive, and the city can not sue for the collection of its taxes."

The proposition above stated has been decided adversely to plaintiffs in error by our Supreme Court in the case of City of Henrietta v. Eustis, 87 Texas, 14. In that case, taxes due are held to be a personal liability, the mode prescribed by statute for the summary collection of such taxes is held not to be exclusive, and the city has the right to sue for their recovery.

Under the second assignment of error it is urged, that when the charter of a city provides that the city council shall have power to provide by ordinance for the collection of its taxes, and at the same time provides a full and adequate mode for the collection, other than by suit, an ordinance providing for the collection by suit is a condition precedent to the right to sue.

The language from which the power to levy and collect taxes is derived is as follows: "Article 425. The city council shall have power, within the city, by ordinance, to annually levy and collect taxes not exceeding one-fourth of one per cent," etc.

Article 425a, authorizing the levy of a school tax, uses the same language—"by ordinance, and annual levy," etc. The ordinance passed by the city council of the city of Oak Cliff levying the taxes prescribes no specific or exclusive mode for the collection thereof. There were only two ordinances passed upon that subject—one providing for the collection "in accordance with the statute in such cases made and provided, and the ordinances of the city of Oak Cliff;" the other, "the marshal, as assessor and collector of said city, shall proceed to collect said taxes according to law and the ordinances of said city." It is clear that the summary mode pointed out by statute for levying and collecting taxes could have been resorted to under the ordinances of the city levying the taxes in question. As above shown, that mode is held not to be exclusive, and the city had the right to pursue the other remedy, which it is held that it possessed, namely, to sue for the recovery of the taxes. Before the suit was instituted, the city directed, by resolution of the city council, that suit be instituted for such taxes.

As the city had the right under its charter to sue, and as the statutory mode for the summary collection of taxes was not exclusive upon it, it had the right to bring such suit, and the passage of the resolution directing it to be done was a sufficient legal basis for the institution of the suit. No ordinance was necessary to the exercise of the right to sue, which was granted to it by the law of its creation. Sayles' Rev. Stats., art. 342. If such an ordinance were held to be necessary, the city council, after the institution of the suit, and before its trial, regularly enacted an ordinance authorizing and directing the bringing of such suit; and at the time of the trial, there was an ordinance in force prescribing this method for the collection of such taxes. Legislation affecting remedies applies to pending litigation; and the most that could be legitimately contended is, that the suit was prematurely brought; but that contention would involve merely a matter of costs.

The third and fourth assignments of error are involved in the questions heretofore considered, and in our judgment are decided contrary to the contention of plaintiffs in error, in the case of Henrietta v. Eustis, supra.

The fifth, sixth, and seventh assignments of error will be considered together, and are as follows:

"Fifth. The assessment of all of defendant's property is void, because no abstract number, number of survey, or number of certificate is set forth in the assessment, and the original grantee is not given as to the lots.

"Sixth. The assessment upon the aggregate value of two or more lots, instead of upon each separately, is void.

"Seventh. It was an error to foreclose a lien on two or more tracts of land for the aggregate taxes due on all."

There are a large number of blocks, and a much larger number of lots, which were rendered and assessed for taxes; and in a number of instances several lots in the same block are rendered together, and their value stated as so many dollars each. In such instances the assessment is made upon the aggregate value of the lots rendered together. This is not the case with the entire assessment by any means, and the sixth and seventh assignments of error fail to point out the particular matter complained of, and there are no definite statements under them in the brief. They merely announce legal propositions, and are not such assignments as should be considered. If, however, the points were properly raised by assignments of error, we do not think they would furnish sufficient ground for reversal.

Article 439, the law under which the city is incorporated, provides: "The city council shall have power, by ordinance, to regulate the manner and mode of making out tax lists and inventories and appraisements of property therein, and prescribe the oath that shall be administered to each person on such rendition of property, and prescribe how and when property shall be thus rendered, and prescribe the number and form of assessment rolls, and fix the duties and define the

powers of the assessor and collector; and adopt such measures as they may deem advisable to secure the assessment of all property within the limits of said city, and collect the taxes thereupon; and may by ordinance provide, that any person, firm, or corporation having property subject to taxation, or being liable under any provision of this title, neglecting to render a list, inventory, or appraisement thereof, as required by ordinance of said city, shall be liable to fine and imprisonment.''

Article 440 provides, that it is the duty of taxpayers to render an inventory of property, as follows: ''Every person, partnership, or corporation owning property within the limits of the corporation shall, within two months after published notice, hand in to the assessor and collector of the city a full and complete inventory of the property possessed or controlled by him, her, or them, within said city limits, not exempt from taxation, on the 1st day of January of the current year, verified as required by ordinance,'' etc.

Under article 439, above quoted, the city council passed an ordinance requiring all persons owning property within the city, under penalty, to file a complete inventory of all property possessed or controlled by them within said city limits, not exempt from taxation, etc., and required that the list should be verified by affidavit and furnished to the assessor and collector. The ordinance further provides: ''The rolls shall show the property assessed, the value and total amount of taxes due on the same. The rolls shall be good without regard to form when these facts appear. When real estate has been platted into blocks and lots, it shall be sufficient if the rolls give number of blocks and lots rendered or assessed.''

The property, as described in the original petition and in the judgment, was assessed by the assessor and collector upon an inventory of said property made by plaintiffs in error and delivered to said assessor and collector, as required by law, and the assessment was made upon said property, describing it as it was described in said inventory. In most instances where there are two or more lots in the same block they are unimproved and of equal value, and where two or more lots are assessed in the same block and the aggregate amount of taxes on the same is sought to be enforced, the aggregate amount of taxes on same is ascertained by adding up the assessed value of each of said lots. Where two or more lots are assessed together they are not contiguous and joining, unless their numbers will so indicate; where the numbers are consecutive they are joining; when not consecutive they are not adjoining.

It has been held, where separate and distinct tracts or parcels of land are assessed together as one tract, and the aggregate tax is sought to be enforced against the several parcels, that such assessments were void. Clegg v. The State, 42 Texas, 607; The State v. Baker, 49 Texas, 763; Edmonson v. The City of Galveston, 53 Texas, 157; Schleicher v. Gatlin, 85 Texas, 273. In none of these cases is it made

to appear that the assessment was made in accordance with the inventory rendered by the taxpayer. The cases seem to discuss the question of the validity of the assessment upon the theory that it is alone the act of the assessor.

In the case of The State v. Baker, supra, it is said: "We are not to be understood, however, by anything which we now or have heretofore said, as either holding or intimating that either lots or blocks in a town or city, or originally distinct and separate surveys or grants in the country, if listed and assessed by the owner, or with his knowledge and approbation, as a single tract or parcel of land, may not be subject to a lien for the aggregate tax thus assessed; or that two or more originally separate tracts or parcels of land, either in town or the country, may not be so used and occupied by the owner as to warrant their assessment as a single tract. This question is not presented for our determination by this record, and it will be time enough to consider it when we are called upon to do so."

All of the cases above referred to upon this point have related to State and not city taxes, with the exception of the case of Edmonson v. Galveston, supra. This case holds that the same rule will apply to the assessment of city taxes as that which applies to State taxes.

Under the authorities above quoted, it would appear that the assessment made in this case was illegal, unless the fact that the assessment was made in accordance with the inventory furnished by plaintiffs in error should affect the question. It would seem to be more in harmony with justice and sound reason, that an assessment made in the manner requested or approved by the taxpayer would be a valid assessment. There might be reasons which would render it more convenient and to the interest of the taxpayer to have it so assessed than to have the assessments made against the various parcels. At any rate, the tax assessor assessed the property in the manner in which the taxpayer presented it to him for assessment, and we do not think that plaintiffs in error should now have the privilege of raising objection to the manner in which the taxes were assessed against the property. 1 Blackwell on Tax Titles, sec. 279.

As to the point that neither the abstract nor survey numbers were given upon the assessment rolls: It has been held that such an omission in the description of the property in an assessment made under the State law was fatal. Under article 439, above quoted, the city is given authority to regulate this matter, and by its ordinance it provided that the giving of the number of the lots and blocks should be sufficient. The property was otherwise sufficiently described, and we do not think this a fatal omission; and, as has been stated, it was the description furnished by plaintiffs in error.

No other question of importance is raised by assignment of error, and finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*

Delivered September 19, 1894.