## DAVIS v. WEST.   (No. 9024.)

Court of Civil Appeals of Texas.   Galveston.
March 14, 1928.

Rehearing Denied April 5, 1928.   Motion to Reconsider Motion for Rehearing Refused
May · 3, 1928.

1. Judgment ⊜⇒486(1)—One making collateral attack on judgment relied on as muniment of title must show it to have been void.

One making collateral attack on judgment, which was main muniment of title relied on by defendant, must show it to have been void.

2. Taxation ⊜⇒507—Lien attaches only to each separate tract of land for taxes assessed against it (Const. art. 8, § 15; Vernon's Sayles' Ann. Civ. St. 1914, art. 7528).

Lien provided by Const. art. 8, § 15, and Vernon's Sayles' Ann. Civ. St. 1914, art. 7528, attaches only to each separate tract or parcel of land for taxes assessed against it.

3. Taxation ⊜⇒507—Land tax, although portion of general taxes due, is separate and distinct tax against land (Vernon's Sayles' Ann. St. 1914, arts. 7520, 7530, 7553, 7555, 7556, 7562, 7563, 7594, 7617, 7685, 7688, 7689, 7708; Vernon's Ann. Civ. St. Supp. 1922, arts. 7687a, 7688a).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7520, 7530, 7553, 7555, 7556, 7562, 7563, 7594, 7617, 7685, 7688, 7689, 7708, and Vernon's Ann. Civ. St. Supp. 1922, arts. 7687a, 7688a, land tax, although portion of general taxes due by taxpayer, is separate and distinct ' tax against land.

4. Taxation ⊜⇒647, 648—Judgment foreclosing tax lien in aggregate sum of $164.24 on separate kinds and pieces of property and in different amount held void, and subject to collateral attack (Vernon's Sayles' Ann. Civ. St. 1914, arts. 7520, 7528, 7530, 7553, 7555, 7556, 7562, 7563, 7594, 7617, 7685, 7688, 7689, 7708; Vernon's Ann. Civ. St. Supp. 1922, arts. 7687a, 7688a; Const. art. 8, § 15).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7520, 7528, 7530, 7553, 7555, 7556, 7562, 7563, 7594, 7617, 7685, 7688, 7689, 7708, and Vernon's Ann. Civ. St. Supp. 1922, arts. 7687a, 7688a, and Const. art. 8, § 15, judgment foreclosing an asserted tax lien in aggregate sum of $164.24 in behalf of city on separate kinds and pieces of property in distinct additions within city and in different amounts, under which all property was sold together, was void, and subject to collateral attack by one claiming title against one claiming under sheriff's deed, pursuant to such judgment.

5. Taxation ⊜⇒614—Courts, in sale of land for taxes, exercise restricted jurisdiction, limits of which must be closely adhered to.

Courts, in sale of land for taxes, exercise special and restricted jurisdiction, limits of which must be closely adhered to.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by H. O. West against Sol Davis, in which defendant filed a cross-action. From a judgment for plaintiff, defendant appeals.   Reversed and rendered.

Jones, Roberts & Monteith, and Homer Stephenson, all of Houston, for appellant.

J. R. Hill and P. Harvey, both of Houston, for appellee.

Carter & Berwald, of Dallas, also appeared on motion for rehearing.

GRAVES, J.   This appeal challenges a judgment awarding the title and possession of lots 4, 5, 7 and the adjoining half each of lots 3 and 8 in block 23 of Swiney addition to Houston to the appellee, together with $1,800 damages as for the rental value of their detention from March 6, 1925, to June 8, 1926, and denying to the appellant a recovery for $2,600* worth of valuable improvements the trial court found he had put on the land, and which he alleged by cross-action he had done in good faith, etc.

N. T. Masterson was undisputedly shown to be the common source of title between the parties, appellee's right under him emanating from a sheriff's deed pursuant to a judgment of the district court of Harris county in cause No. 99946, styled The City of Houston v. Henrietta Ramsey et al., while the appellant's came from a deed from Masterson to himself, of date March 29, 1923 ; this judgment and sheriff's deed bore respective dates of November 16, 1922, and March 6, 1923, although the deed was not filed for record until June 19, 1923 ; hence the appellee's claim under Masterson was the older of the two, and was superior, if the judgment and deed evidencing it were valid and not attackable by the appellant in this suit, the controlling question the cause presents, therefore, being whether or not these judicial proceedings did pass Masterson's title to the appellee prior to the appellant's deed from the same source.

[1] The attack appellant makes upon the judgment in No. 99946 is a collateral one, he not having been a party thereto, and it being the main muniment of title relied upon by the appellee against him in the present suit, wherefore he must show it to have been void, or, as he himself terms it, a mere brutum fulmen.   Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347.

While the matter is not free from doubt, we agree with appellant that the judgment should be held to be void, and therefore subject to his attack herein.   Its effect seems to us to directly contravene the holding of our Supreme Court in Richey v. Moor, 112 Tex. 493, 249 S. W. 172, as well as those of many later cases following the principle there applied.   The appellee replies with the suggestion that Richey v. Moor is · distinguishable from this case, which rather is ruled on controlling features by Brown v. Bonougli, 111

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tex. 275, 232 S. W. 490, and that the Brown Case, in effect overrules appellant's contentions and the authorities cited by him, such as Hill v. Lofton (Tex. Civ. App.) 165 S. W. 67; Teat v. Perry (Tex. Civ. App.) 216 S. W. 650; Eustis v. City, 91 Tex. 325, 43 S. W. 259; Lufkin v. City, 73 Tex. 340, 11 S. W. 340; May v. Jackson (Tex. Civ. App.) 73 S. W. 988; Schleicher v. Gatlin (Tex. Sup.) 20 S. W. 120, as well as all others based upon summary sales.

[2, 3] This answer seems inconclusive under the undisputed facts shown in the record. As applicable here, the law was thus declared in the Moor Case:

"(2) We conclude that the lien provided by section 15 of article 8 of the Constitution attaches only to each separate tract or parcel of land for the taxes assessed against it. Article 7528, Revised Statutes, was enacted in 1876, is in substantially the same language as the Constitution, is merely declaratory of the latter, and necessarily means the same thing. * * *

"Our whole taxation system is based upon the idea that the amount assessed against each tract of land is, in effect, a separate tax. True, it becomes a part of the gross amount of taxes owed by the taxpayer, but it is separately assessed, separately secured by the lien, separately set forth in the statutory tax receipt if paid, and, if not paid, separately reported on the delinquent rolls, separately described when sued for, separately adjudged against the land, which must be separately sold, and specified in the tax deed.

"(3) A land tax, although a portion of the general taxes due by the taxpayer, is nevertheless a separate and distinct tax against the land, and must be so considered from the initial step of rendition to the finality of the tax deed under seizure and sale by the sheriff or under orders of the court. The statutes supporting the statements made above are as follows: Vernon's Sayles' Revised Civil Statutes (1914), articles 7520, 7530, 7553, 7555, 7556, 7562, 7563, 7708, 7617, 7594, 7685, 7687a (Supp. 1922), 7688, 7689, 7688a (Supp. 1922)."

The judgment in No. 99946 foreclosed an asserted tax lien for the year 1921 in the aggregate sum of $106.24 in behalf of the city of Houston against E. B. and Henrietta Ramsey, L. E. Norton, and N. T. Masterson, on separate kinds, and pieces of property in distinct additions within the city, and in different amounts, as follows:

"$81.75 is decreed and foreclosed against lots 4, 5, 7 and adjoining half of each lots 3 and 8, block 23, Swiney's addition; $13.63 is decreed and foreclosed against lots 16, 17, block 35, Houston Heights addition; $10.86 is decreed and foreclosed against Chevrolet automobile as per assessment of said Henrietta Ramsey."

Its ensuing recitations were these:

"And it appearing to the court that by reason of the assessment, laying and levying of the tax aforesaid under and by virtue of the laws of the state of Texas, and the provisions of plaintiff's act of incorporation, and the several acts of the Legislature of the state of Texas amendatory thereof, the said amount aforesaid became and is a lien, charge and incumbrance upon and against the property aforesaid, which lien plaintiff is entitled to enforce and foreclose. It is therefore ordered, adjudged and decreed by the court, that the lien for said amount upon the above described tract of land be, and the same is hereby foreclosed, and that the clerk of this court do issue an order of sale directed to the sheriff or any constable of Harris county, Tex., commanding him, the said officer, to seize and sell the above-described tract of land, and that he apply the proceeds thereof to the payment and satisfaction of the said sum of $106.24, together with all interest that may be due thereon, and the costs of this suit.

"And if the said land shall sell for more than sufficient to pay off and satisfy said sum of money, then said officer is hereby directed to pay over the excess to the defendants. It is further ordered, adjudged, and decreed that the order of sale herein decreed shall have all the force and effect of a writ of possession between the parties to this suit, and any person claiming under the defendants by any right acquired after the filing of this suit, and the sheriff or other officer executing such order of sale shall proceed by virtue of the same to place the purchaser of the property sold under such order of sale, in possession thereof, which order of sale shall direct that the sheriff shall sell the property, either each piece separately, as under execution, or in gross, as plaintiff may direct sheriff."

The order of sale specifically described all three pieces of property in the same way, as did the judgment, and commanded the sale thereof, "either each piece separately, as under execution, or in gross, as plaintiff may direct," to satisfy the entire $106.24, along with $16.30 of accrued costs and such further ones as the sale entailed. The sheriff's return upon this writ likewise contained the same descriptive recitations, and concluded with this:

"I offered the within described property for sale when came Clay Tallman, and bid the sum of $138.37 for the same, and, that being the highest and best bid therefor, the within 'described property was struck off to Clay Tallman. The said Clay Tallman complied with his bid by paying to me the said sum of $138.37, and I therefore executed to him a deed to the within described property; said sum of $138.-37 being sufficient to satisfy judgment, interest and costs therein mentioned, and my additional cost of executing the same. This writ is therefore returned fully executed."

The official deed thus referred to, after setting out all these antecedent proceedings, declares that, in consideration of them and of the payment by Clay Tallman of the $138.37, the "hereinafter described land and premises" had been sold, and were thereby, on March 6, 1923, conveyed to him, to wit, "lots 4, 5, and 7 and adjoining half of each lots 3, 8, block 23, Swiney addition; lots 16, 17, block 35, Houston Heights addition (for taxes for the year 1921)."

Tallman subsequently quitclaimed this first mentioned tier of lots, those in the Swiney addition, which alone are here involved, to the appellee, that being his sole source of title thereto.

[4, 5] Aside from the discrepancy between the judgment and order of sale in that the former only directed the sale of the land, whereas the latter included the automobile also, it thus appears from the face of the proceedings as an entirety that, although the two widely separated groups of lots and the automobile were apportioned for distinct and varying portions of the aggregate sum claimed on them all, the land—treated as one tract for that purpose—was not only foreclosed upon and ordered sold in bulk to pay the gross sum of $106.24 so fixed against the two different classes of the property together with interest and costs of the suit, but was actually so sold, and the proceeds applied accordingly, whatever in fact became of the automobile. This was done, too, primarily, and in the absence of a deficiency, since the officer's return showed that the amount realized fully satisfied the judgment.

There seems to have been a want of power in the court to grant the relief thus awarded, under the authorities already referred to, as well as under others holding that our courts in the sale of land for taxes exercise a special and restricted jurisdiction, the limits of which must be closely adhered to. Cordray v. Neuhaus, 25 Tex. Civ. App. 247, 61 S. W. 415, at page 417.

The Brown v. Bonougli Case, supra, is not thought to be applicable here as authority to the contrary, it being merely held there, as reflected in the reported syllabi, that a valid judgment and order of sale in the foreclosure of a tax lien were not affected by the sheriff's unauthorized retention of more than lawful commissions.

Under these conclusions, the other questions argued became immaterial. The facts having been fully developed, as well as shown to be undisputed, the trial court's judgment has been reversed, and this court's judgment entered vesting the title and right of possession of the premises sued for herein in the appellant.

Reversed and rendered.