## SEBER v. MILLS. (No. 9224.)

Court of Civil Appeals of Texas. Galveston. Dec. 20, 1928.

Rehearing Denied May 16, 1929.

W. P. Neblett, of Houston, for appellant.

Austin Y. Bryan, Jr., of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellee against appellant to recover possession and title to lots 17 and 18 in block 90 of Houston Harbor addition to the city of Houston. The plaintiff pleaded his title as emanating from a foreclosure judgment rendered in a suit for taxes brought by the city of Houston against appellant, a sale thereunder, and a sheriff's deed executed to appellee. He further pleaded title under the three years' statute of limitation (Rev. St. 1925, art. 5507).

The defendant answered by plea of not guilty and especially pleaded that the foreclosure judgment under which appellee claims title was obtained fraudulently without legal service of notice upon appellant.

The case was tried in the court below without a jury. The evidence was heard and considered by the court, subject to objections to its admissibility made by the parties; the court's rulings on the objections having been by agreement pretermitted until after all of the evidence and the arguments on the whole case had been heard.

After hearing all of the evidence and the arguments of counsel, the court overruled all of appellant's objections to the evidence offered by appellee, sustained appellee's objections to appellant's evidence, and rendered

judgment in favor of appellee for the land in controversy.

The foreclosure judgment under which appellee acquired his title was rendered by the district court of Harris county (Eleventh judicial district) on November 7, 1919, in a suit brought by the city of Houston against the Port Houston Land & Townsite Company, the Houston Turning Basin Investment Company, and some 30 or more named individual defendants, among whom was appellant. The suit was to recover the sum of $245.05, due the plaintiff on taxes for the years 1914, 1915, and 1916, together with penalties and interest on 35 separate lots in widely separated sections of the city of Houston, including the lots in controversy in this case. The judgment is against all the defendants for the whole amount sued for, but finds the specific amount due on the several lots. The foreclosure portion of the judgment is as follows:

"And it appearing to the court that by reason of the assessment, laying and levying of the tax aforesaid under and by virtue of the laws of the State of Texas, and the provisions of plaintiff's act of incorporation and the several Acts of the Legislature of the State of Texas amendatory thereof, the said amount aforesaid became due and is a lien, charge and incumbrance upon and against the property aforesaid, which lien plaintiff is entitled to enforce and foreclose. It is therefore ordered, adjudged and decreed by the Court, that the lien for said amount upon the above described tract of land be, and the same is hereby foreclosed, and that the Clerk of this Court do issue an order of sale directed to the Sheriff or any Constable of Harris County, Texas, commanding him, the said officer, to seize and sell the above described tract of land, and that he apply the proceeds thereof to the payment and satisfaction of the said sum of $245.05 together with all interest that may be due thereon, and the costs of this suit. And if the said land shall sell for more than sufficient to pay off and satisfy said sum of money, then said officer is hereby directed to pay over the excess to the defendants; it is further ordered, adjudged and decreed that the order of sale herein decreed shall have all the force and effect of a writ of possession between the parties to this suit, and any person claiming under the defendants by any right acquired after the filing of this suit, and the Sheriff or other officer executing such order of sale shall proceed by virtue of same to place such purchaser of the property sold under such order of sale in possession thereof, which order of sale shall direct that the Sheriff shall sell the property either each piece separately, as under execution, or in gross, as plaintiff may direct."

An order of sale was issued in accordance with the foreclosure decree. The return of the officer executing the order shows that the property was sold in separate parcels corresponding with the recitals in the judgment fixing the amounts due on the various lots mentioned in the judgment, and that lots 17 and 18 in block 90 of Houston Harbor addition were sold to Mike Murphy, trustee, for the sum of $12.13. Appellee holds the title so conveyed to Murphy. Appellee has never had possession of the property and there is no evidence to sustain his plea of limitation title.

We cannot agree with appellee's counsel in describing this judgment as "regular and smooth upon its face." On the contrary, it seems to us that the judgment is so full of irregularities and so exceeds the authority of the court to render it that it is void upon its face, and the trial court should have sustained appellant's objections to its introduction in evidence.

The pleadings in the case in which the judgment was rendered were not in evidence, but we think the recitals in the judgment clearly show that the suit was against a number of defendants, who separately owned one or more of the various lots of land described in the judgment upon which taxes were due. The amount of taxes due upon the several lots of land are separately set out, but the judgment is against all of the defendants for the total sum claimed by the plaintiff and foreclosure of tax lien is decreed against all of the lots for said total sum.

That a judgment of this kind in a suit to foreclose a tax lien is beyond the power of the court to render is, we think, the necessary effect of the holding of our Supreme Court in the case of Richey v. Moor, 112 Tex. 493, 249 S. W. 172.

We so interpreted the opinion in the Moor Case in passing upon the validity of a judgment of this kind in the case of Davis v. West, 5 S.W.(2d) 870. A writ of error was refused by the Supreme Court in the West Case, and our opinion in that case is conclusive upon the question here presented. It is unnecessary to recite the authorities cited and discussed in the West Case.

It appearing from the face of the record that the title pleaded by appellee emanated from a void judgment, the judgment of the trial court must be reversed and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.