**PITTS et al. v. MILLS.** (No. 9273.)

Court of Civil Appeals of Texas. Galveston. May 21, 1929.

Rehearing Denied June 13, 1929.

J. R. Hill and P. Harvey, both of Houston, for appellants.

Austin Y. Bryan, Jr., of Houston, for appellee.

LANE, J. V. W. Mills brought this suit in the Sixty-First district court of Harris county in 1927 against Melvin P. Pitts, unknown heirs of Melvin P. Pitts, Pritchett Harvey, L. Fink, B. L. Levinson, and Joe Levinson, in trespass to try title to lots 41½ and 42½, Allison Richey Gulf Coast Home Company's subdivision, section H, of James Hamilton survey, in Harris county. Mills pleaded his title generally, and also specially set out the several links in his chain of title, and specially alleged the rendition of a judgment in the Eightieth district court of Harris county on the 15th day of September, 1918, in cause 76139, styled State of Texas v. Melvin P. Pitts, establishing and foreclosing a tax lien on the two lots and directing the issuance of an order of sale of the same to pay the taxes due thereon for the year 1916. He alleged a sale under such order in manner and form as required by law, and that he and those under whom he holds acquired title to the lots by virtue of such sale and the execution of a deed by the officer making the same; that he holds title to such lots by a regular chain of title from the sovereignty of the soil. He also pleaded title under the three-year statute of limitation. He alleged that defendants were asserting claim to said lots which clouded his title, and prayed for a removal of such cloud and for possession of the lots.

The defendants answered by general demurrer, a plea of not guilty, and asked for affirmative relief by way of cross-action. The cause was tried before the court without a jury, and judgment was rendered in favor of plaintiff, Mills, for the title and possession

of the property. Defendants Pitts, Harvey, and the two Levinsons have appealed.

Allison Richey Gulf Coast Home Company is the common source of title. This company conveyed the lots involved to appellant Melvin P. Pitts by its deed dated December 11, 1913, wherein it is recited that Pitts was a resident of Alexandria, Va. On the 24th day of November, 1917, the state of Texas brought suit against Melvin P. Pitts in the Eightieth district court of Harris county, Texas, in cause No. 76139 on the docket of said court, to recover against him certain unpaid taxes due on the lots involved in this suit, and for a foreclosure of its constitutional and statutory lien on the same. Judgment was rendered in said suit on the 13th day of September, 1918, against Pitts and in favor of the state, wherein it is recited that Melvin P. Pitts and unknown heirs of Pitts had been duly cited by publication to answer the plaintiff's suit; that the court had appointed an attorney to represent such parties; that after a hearing of the evidence, etc., it was decreed as follows:

"It is therefore considered by the court that the said plaintiff, the state of Texas, do have and recover of the said defendants Melvin P. Pitts, unknown heirs of Melvin P. Pitts, the sum of four and sixty-two one-hundredths dollars, with interest thereon from July 31, 1917, at the rate of 6 per cent. per annum, together with all costs in this behalf expended. And it further appearing to the court that said sum of $4.62 is due the plaintiff, the state of Texas, for the taxes duly laid, levied, and assessed for the year 1916, with interest thereon at the rate of 6 per cent. per annum, against the following described property situated within the county of Harris and state of Texas, which is more particularly and better described as lots 41½ and 42½ of the Allison Richey Gulf Coast Home Company's Suburban Gardens subdivision, section H, James Hamilton survey, abstract No. 882. * * *

"It is also decreed by the court that the collector of taxes is entitled to a fee of $1 for each correct assessment, which fee for assessing the above land for each of the years above named amounts altogether to the sum of $1. It is further decreed by the court that the attorneys for plaintiff are hereby allowed a fee of $2.50 as compensation allowed by law for representing plaintiff herein. It is further decreed that the county clerk be allowed $1 as costs allowed by law, and also that 25 cents taxed as costs of advertising allowed by law, which said amounts are taxed as costs against the above-described property, if not paid, the parties to whom such fees are due, shall be entitled to be paid out of the proceeds of sale of same, after the taxes, penalties, and interests due thereon to the state of Texas and county of Harris have been paid. Also decreed by the court that Norman Atkinson be allowed a fee of $5 for representing defendants cited by publication, which shall be taxed as costs against defendants so cited, and a charge against above-described land.

"And it is adjudged and decreed that a lien against each of said tracts or parcels of land for the amount of the taxes, interest, and costs herein adjudged to be due on the same, which lien is hereby foreclosed as against said defendant on each of said tracts of land; and it is further ordered, adjudged, and decreed that, in default of payment of this judgment, interest, and costs, an order of sale be issued by the clerk of this court, directed to the sheriff or any constable of Harris county, Texas, commanding such officer to seize, levy upon, and advertise for sale as under execution each of said tracts of land, and sell the same to the highest bidder for cash as under execution, but if the defendants or their attorneys shall at any time before the sale file with the sheriff, or other officer in whose hands this order of sale shall be placed, a written request that the property described therein shall be divided and sold in less tracts than the whole, together with a description of said subdivisions, then such officer shall sell the land in said subdivisions as the defendants may request, and in such case shall only sell as many subdivisions as near as may be to satisfy this judgment, interest, and costs."

After rendition of such decree, execution and order of sale were issued thereunder and placed in the hands of the proper officer, who, by virtue thereof, duly seized and sold the two lots, as directed by said execution, to the Commonwealth Land & Investment Company, and after such sale executed and delivered to said investment company a deed conveying to it the two lots. On the 1st day of December, 1917, W. M. Vick, C. S. Newton, and Lester L. Wilson, by certain articles of agreement, formed a joint-stock association under the name of Commonwealth Land & Investment Company. Appellee Mills claims title to the lots involved in this suit by mesne conveyances from the Commonwealth Land & Investment Company, who were the purchasers under the execution sale made by virtue of the tax judgment above mentioned. The basis of his title is the judgment mentioned.

Appellants contend that the trial court erred in rendering judgment for the plaintiff in this suit, because the plaintiff failed to connect himself with the title passed by the Allison Richey Gulf Coast Home Company to Melvin P. Pitts, in that the tax judgment forming the basis of the plaintiff's asserted title is void, as shown on its face, and therefore the investment company acquired no title by virtue of the sale made under such judgment, and as the plaintiff claims under said company he acquired no title.

We feel constrained to sustain appellants' contention. As has been shown, the suit in

which the judgment was rendered by virtue of which the lots were sold to the investment company, under which appellee claims, was one by the state to recover taxes alleged to be due on the two lots involved in this suit and for a foreclosure of the tax lien thereon. We have already set out the material part of said tax judgment, and it is unnecessary to reproduce it here.

It is apparent that such judgment shows upon its face that it was for the gross sum of $4.62, found to be due for taxes on the two lots, 41½ and 42½, for the year 1916, and that it did not apportion such gross sum to nor determine the amount of taxes due on each lot; that, while it recites that a lien was foreclosed against each lot for the amount of taxes, interest, and costs adjudged to be due on the same, it did not adjudge what amount was due on each lot. It directs that both lots be sold under the order of sale in satisfaction of the gross amount found to be due for taxes on both lots. It is also shown that, in conformity to the order of sale issued upon such judgment, the officer sold both of the lots jointly or in bulk in satisfaction of the judgment.

■ It is well settled that annual assessments made on landed property should be a special lien, not on the property of the taxpayer generally, but only as to each separate tract for the taxes assessed against it. Constitution, art. 8, § 15; Richey v. Moor, 112 Tex. 493, 249 S. W. 172; Hoffmann v. Wood (Tex. Civ. App.) 258 S. W. 835; Davis v. West (Tex. Civ. App.) 5 S.W.(2d) 870; State v. Baker, 49 Tex. 763.

In Richey v. Moor it is said: "We conclude that the lien provided by section 15 of article 8 of the Constitution attaches only to each separate tract or parcel of land for the taxes assessed against it. Article 7528, Revised Statutes, was enacted in 1876, is in substantially the same language as the Constitution, is merely declaratory of the latter, and necessarily means the same thing. In comparatively recent cases, one by this court and one by the Court of Civil Appeals, an interpretation has been given the Constitution consistent only with the construction here announced. State of Texas v. Farmer, 94 Tex. 232, 235, 59 S. W. 541; State v. Hunt (Tex. Civ. App.) 207 S. W. 636, 638. The conclusion stated is one consistent with the general rule as to taxation laws, which is that 'The lien on real property attaches to each particular tract for the portion of the tax assessed against it.' 26 R. C. L. p. 388, par. 347; 37 Cyc. p. 1141. The construction here given is one in harmony with the statutory enactments carrying into effect the constitutional provisions. Our entire scheme of taxation, from the initial proceeding of rendition to that of final payment, or of sale under seizure or by court process, provides for keeping separate the description of each tract of land, with the amount of taxes levied against it, from other taxes assessed against the taxpayer, or taxes levied against other tracts of land." Again: "Our whole taxation system is based upon the idea that the amount assessed against each tract of land is, in effect, a separate tax."

In Davis v. West, supra, a case involving the question under discussion, it is held by this court that: "There seems to have been a want of power in the court to grant the relief thus awarded, under the authorities already referred to, as well as under others holding that our courts in the sale of land for taxes exercise a special and restricted jurisdiction, the limits of which must be closely adhered to." (Writ of error denied.)

■ For the reasons above expressed, we hold that the judgment in the tax suit and the sale made by the officer upon the order of sale issued upon such judgment are void, and therefore neither one nor both passed title to the lots out of Melvin Pitts to the investment company, under which appellee claims.

We are also of opinion that the court erred in rendering judgment for the plaintiff, in that there was no evidence to show that the two lots of land sued for were the land described and conveyed by the conveyances under which the plaintiff claims title. The land as described in such conveyances is substantially all lands owned by the investment company not theretofore sold, which fact may be ascertained by resort to the deed records, to which reference is made in aid of such description. There is no evidence showing what lands were unsold, so as to show that the lots claimed by the plaintiff fell within that class sought to be conveyed.

There was no evidence introduced in support of the plaintiff's plea of title by limitation, and therefore it is evident that the judgment in his favor was not based on proof of such plea. It appearing from what has been said that appellee has failed to show title to the lots sued for in himself, it becomes our duty to reverse the judgment rendered in his favor, and here render judgment that he take nothing by his suit, and that appellants go hence without day, and that all costs incurred in the cause be adjudged against appellee, and it is so ordered.

Reversed and rendered.