## STATE MORTGAGE CORPORATION v. AFFLECK et al.

### No. 8402.

Court of Civil Appeals of Texas. San Antonio. April 2, 1930.

Rehearing Denied April 23, 1930.

N. W. Palmer, of San Antonio, for plaintiff in error.

W. Y. McFarland and Don A. Bliss, both of San Antonio, for defendants in error.

### COBBS, J.

Plaintiff in error instituted this suit against the unknown heirs of John F. Affleck, deceased, to quiet title to lots 29 and 30, block 11, county block 4027, in Bexar county, Tex., alleging that plaintiff was in possession of said property under and by virtue of a writ of possession. Defendants were cited by publication by virtue of article 7342, R. S. The case was heard upon full pleadings of both parties and upon evidence pro and con, and the trial court filed his findings of fact and conclusions of law, and rendered judgment for defendants in error.

The pleadings of both parties were sufficient to present the case from the standpoint of both parties.

We have carefully considered the brief of plaintiff in error and the assignments of error and all propositions, which are overruled as being without merit.

The only question necessary for this decision is to determine the validity of the judgment. It was found by the trial court that at the institution of this suit John F. Affleck was dead, and therefore as to him the judgment was a nullity.

It is very plain, by the exclusive statute in regard to service of process in tax cases, article 7342, that it is the only statute which provides for service in such tax cases, and that the articles of 2039 and 2043, R. S., only apply to the manner of procuring service in all other civil cases, but not tax cases. This suit was styled "The State of Texas v. John F. Affleck, unknown heirs of John F. Affleck, unknown owners, et al," showing that the suit was brought by the state of Texas not only against John F. Affleck and his unknown heirs, but also against all "unknown owners."

As said by Chief Justice Fly, in Netzorg v. Green, 26 Tex. Civ. App. 119, 62 S. W. 789, 790: "In order, however, to obtain jurisdiction over the property of a nonresident through service by publication, every essential requisite of the law must be strictly complied with."

It is too clear for discussion therefore that every essential in notice of service by publication should be followed and sustained before a judgment can be entered against such a defendant. The entire record was introduced in this case and was before the trial court. It is true all reasonable presumptions should be indulged in favor of the recitals of a judgment, yet it has never been held that they cannot be attacked in a collateral proceeding, if the judgment itself or the record shows that the court did not have jurisdiction. Lutcher v. Allen, 43 Tex. Civ. App. 102, 95 S. W. 572, 574; Bender v. Damon, 72 Tex. 92, 9 S. W. 747.

A suit to foreclose a tax lien, for a gross sum alleged to be assessed against several lots, cannot be maintained. State v. Baker, 49 Tex. 763; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 120; Richey v. Moor, 112 Tex. 493, 249 S. W. 172; Davis v. West (Tex. Civ. App.) 5 S.W.(2d) 870.

Finding no assignment of error presented that should cause a reversal, the judgment is affirmed.