## STATE MORTGAGE CORPORATION v. LUDWIG et al.
### No. 8533.

Court of Civil Appeals of Texas. San Antonio.

Jan. 14, 1931.

Rehearing Denied Feb. 11, 1931.

N. W. Palmer and Thomson, Dilworth & Marshall, all of San Antonio, for plaintiff in error.

Meritt H. Steger, Church & Graves, and Marcus W. Davis, all of San Antonio, for defendants in error.

FLY, C. J.

Two original petitions were filed in this suit, in both of which Milton Ludwig, Edna Scott, and Josie Weilbacher, the latter joined with her husband, were plaintiffs; James

Stevens, sheriff of Bexar county, State Mortgage Corporation and N. W. Palmer being defendants in one suit, and the State Mortgage Corporation being defendant in the second suit. The suits were consolidated, and, in the petition in the consolidation, the suit as to Stevens was discontinued on account of his death. The object of the suit was to remove clouds from the title to certain land. Two minor children of Albert Ludwig, deceased, and Willie Ludwig, his wife, intervened in the suit and aided in litigating the consolidated suit.

The findings of fact filed by the trial judge are fully sustained by the statements, and are adopted by this court, but are not copied into this opinion on account of being too lengthy and voluminous.

The facts show that Albert Ludwig was the father, by his first wife, of Milton Ludwig, Edna Scott, and Josie Weilbacher, and that, after her death, he married his second wife, Willie Ludwig, and she bore him the minors who intervened in this suit.

The facts show that when his first wife died her community interest in the land in controversy was inherited by Milton Ludwig, Edna Scott, and Josie Weilbacher. A suit for taxes was instituted against Albert Ludwig alone. The property in controversy consisted of lots situated in different portions of the city of San Antonio. The lots were assessed for taxation, not separately, but in bulk; the taxes were sued for in bulk; the judgment was for the taxes in bulk; the order of sale of the lots was in bulk; and the lots were sold together for a lump sum. All these acts were performed in open antagonism to the ruling of the Supreme Court in Richey v. Moor, 112 Tex. 493, 249 S. W. 172, 174, which uses the following unequivocal language: "Our whole taxation system is based upon the idea that the amount assessed against each tract of land is, in effect, a separate tax. True, it becomes a part of the gross amount of taxes owed by the taxpayer, but it is separately assessed, separately secured by the lien, separately set forth in the statutory tax receipt if paid, and, if not paid, separately reported on the delinquent rolls, separately described when sued for, separately adjudged against the land, which must be separately sold, and specified in the tax deed."

It is clearly inferable from the language of the Constitution that no parcel of land can be held liable for any except the taxes assessed against it, and our decisions hold that a judgment in solido for the taxes against separate parcels of land is null and void. Davis v. West (Tex. Civ. App.) 5 S.W. (2d) 870; Seber v. Mills (Tex. Civ. App.) 18 S.W.(2d) 207.

Such judgments, being void, may be attacked in any collateral proceeding. A judgment such as the one now under consideration was held by this court to be null and void. State Mortgage Corporation v. Affleck, et al., 27 S.W.(2d) 548. The opinion is in line with former opinions of this court, and will be held as the position of this court, rather than as assumed in Allen v. State Mortgage Corporation, 19 S.W.(2d) 109.

It is the only just rule to be enforced for the protection of the taxpayer. Where there are several tracts of land, the citizen should be granted the privilege of paying the taxes on one or more of the tracts he wishes to retain and leaving the others to their fate. It may be that he is unable to pay the entire tax, but there may be a tract peculiarly dear to him, the taxes against which he can pay, and justice will accord to him this privilege. There is complete unison in the decisions to this effect.

The judgment against Albert Ludwig did not bind the children of his first marriage, who were in possession of their part of the property. Even if it be admitted that they were joint tenants with their father of the lots, we doubt that a judgment against one joint tenant will bind the others in a tax suit.

We conclude that the judgment should be affirmed.