**SLATER et al. v. ELLIS COUNTY LEVEE IMPROVEMENT DIST. NO. 9 et al.**

**No. 849.**

Court of Civil Appeals of Texas. Waco.

Oct. 8, 1931.

Jno. W. Pope and J. L. Zumwalt, both of Dallas, and Tom Whipple, of Waxahachie, for plaintiffs in error.

W. P. Dumas and L. S. Stemmons, both of Dallas, for defendants in error.

ALEXANDER, J.

This suit was instituted by the plaintiff, Ellis County Levee Improvement District No. 9, on the relation of the Brown-Crummer Investment Company, a corporation, under article 8017 of the Revised Statutes, to recover delinquent taxes alleged to be due on certain land embraced within said levee district, for the years 1919 to 1926, inclusive. A trial was had before the court without a jury, and resulted in a judgment in favor of the plaintiff for the taxes for the years 1925 and 1926, amounting to the sum of $4,454.30, and for foreclosure of plaintiff's lien on the property. The defendants have brought the case to this court on writ of error.

This court heretofore certified to the Supreme Court certain questions involved in this appeal, and same were answered by that court in 36 S.W.(2d) 1014. The report of that case is here referred to for a more detailed statement of the case.

The plaintiffs in error, by an appropriate proposition but without proper assignment of error in the lower court, now insist that the trial court committed fundamental error in foreclosing the tax lien against two separate tracts of land for the gross amount of taxes due on all of said land. The plaintiff sued to foreclose a lien on 177.3 acres of land out of the Robert Ray and G. B. McKinstry surveys, and described the land by field notes as one tract. However, the plaintiff alleged that the land was assessed as two tracts, one consisting of 110 acres out of the McKinstry survey valued at $2,750, and the other consisting of 55 acres out of the Robert Ray survey, and valued at $440. The trial court found that the total amount of taxes due on all of the land for the years 1925 and 1926 amounted to $4,454.30, and foreclosed a lien in solido against the entire 177.3 acres for the gross

amount of taxes found to be due, and ordered the land sold for the purpose of satisfying the judgment.

There seems to be some confusion among the decisions of this state on the question of whether or not a judgment for taxes with foreclosure of the lien is void, where the taxes are due on two or more separate tracts of land and the court forecloses the lien on all of the land in solido for the gross amount of taxes due on all of such tracts. Davis v. West (Tex. Civ. App.) 5 S.W.(2d) 870 (writ ref.); Seber v. Mills (Tex. Civ. App.) 18 S.W. (2d) 207 (writ ref.); State Mortgage Corporation v. Ludwig (Tex. Civ. App.) 35 S.W.(2d) 267 (writ granted); Allen v. State Mortgage Corp. (Tex. Civ. App.) 19 S.W.(2d) 109; State Mortgage Co. v. Affleck (Tex. Civ. App.) 27 S.W.(2d) 548 (writ granted); Pitts v. Mills (Tex. Civ. App.) 19 S.W.(2d) 99 (writ granted); Broocks v. State (Tex. Civ. App.) 15 S.W. (2d) 665; Stevenson v. Mills (Tex. Civ. App.) 14 S.W.(2d) 94.

We believe that these decisions and the views of the Supreme Court on the question, as reflected by the granting or refusing of writs of error therein, can be harmonized if we keep in mind the distinction that exists, where on the one hand two or more parcels of land are rendered for taxes in bulk with a single valuation, and, on the other, where the various parcels are assessed as separate and distinct tracts. In the case of Richey v. Moor, 112 Tex. 493, 249 S. W. 172, it was held that the lien which inures to the state or other taxing authorities attaches only to each separate tract or parcel of land for the taxes assessed against it, and that one tract of land is not burdened with a lien for the taxes due by the same owner on another tract. In that case, each of the several tracts of land involved was separately rendered and valued on the assessment roll.

■ Where the owner has rendered, or the assessor has assessed, the various parcels as separate and distinct tracts, with separate valuations, then the taxes due on each tract, and the liens securing the same, must be kept separate, and a judgment attempting to foreclose a lien in solido against all of such parcels for the gross amount of taxes due thereon would be unauthorized. Such was the holding of the Court of Civil Appeals under such a state of facts in the case of Davis v. West, 5 S.W.(2d) 870, and Seber v. Mills, 18 S.W.(2d) 207, and the Supreme Court in each case refused a writ of error therein.

In the case of Harrison v. Orr (Tex. Com. App.) 296 S. W. 871, 875, par. 7, the court had under consideration a case in which several lots had been assessed separately, and the Court of Civil Appeals had held (Orr v. Wallace, 285 S. W. 650, par. 17) that a judgment foreclosing a lien in solido against several lots for the total amount of taxes due there-

on was not void, and the Commission of Appeals said: "And, too, there is in the judgment language susceptible of an interpretation which would mean that the district judge realized that three separate tracts of land, with separate assessments, were involved and that with that fact in mind liability for all of the taxes, etc., was jointly fixed upon all of the tracts; this imports the question of irregularity, etc., considered in Richey v. Moor, 112 Tex. 493, 249 S. W. 172."

■ While it is proper to assess each parcel of land separately for taxing purposes, there is nothing to prevent the landowner from rendering two or more distinct parcels of land as one tract; and where he has elected to do so and had indicated his desire to have the several parcels treated as one tract, there is no reason why the lien should not be foreclosed in solido against all of such parcels for the gross amount of taxes due thereon. State v. Baker, 49 Tex. 763; Dallas Title & Trust Co. v. City of Oak Cliff, 8 Tex. Civ. App. 217, 27 S. W. 1036, at page 1040. In fact it would be difficult, if not impossible, for the taxing authorities, without the consent of the owner, to properly apportion the taxes among the several parcels of land, where the owner has elected to treat the various parcels as one tract, with one valuation, and has so rendered same.

In State Mortgage Corporation v. Ludwig (Tex. Civ. App.) 35 S.W.(2d) 267 (writ granted) the several parcels of land were assessed in bulk with one valuation as a whole. The trial court foreclosed the lien in solido against all of the several parcels for the gross amount of taxes due thereon. The Court of Civil Appeals held that the judgment was void. The Supreme Court indicated a doubt as to the correctness of this holding by granting a writ of error therein.

■ In the case at bar, the two parcels of land were contiguous, and were probably used and occupied as one tract. They are described in the petition by field notes as one tract. However, plaintiff's petition shows that the land was assessed as two parcels, with separate valuations. A part of the land was in the McKinstry survey, and was valued at $25 per acre. The other parcel was in the Ray survey, and was valued at $10 per acre. The owner had not elected to have the parcels treated as one tract and had not rendered them as such, but had rendered them separately. Since the petition shows that the two parcels were assessed and valued as separate tracts, the levee improvement district was not entitled to foreclose its lien in solido against both tracts for the total taxes due thereon. Such a judgment was without support in the pleadings.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.